THE STATE, Respondent, v. HARMAN, Appellant.

1. It is no infringement of that provision of the constitution giving the accused the right in all criminal prosecutions to meet the witnesses against him face to face to receive in evidence against the defendant in a criminal prosecution a deposition taken before the committing magistrate in the presence of the accused—the deponent being dead at the time of trial.

*Appeal from St. Louis Criminal Court.*

*C. C. Carroll*, for appellant.

*Mauro*, (circuit attorney,) for respondent.

NAPTON, Judge, delivered the opinion of the court.

The question in this case is the same that was determined in the cases of McO'Blenis and Baker, 24 Mo. 402.

The deposition is also objected to as irrelevant and unintelligible. The deposition simply proved that the deponent Melvin (since dead) found a certain watch about the person of the prisoner—a watch which the deponent says was the same watch spoken of by a witness named English on the examination before the recorder. This English was a witness on the trial also and declared the watch he testified about to be the same alluded to by Melvin. We see nothing irrelevant in the deposition, nor any thing unintelligible.

The deposition was in point, if for no other purpose, to prove that a watch was found in possession of the prisoner, and the subsequent testimony of English conduces to show the materiality of that fact. Whether the identity of the watch found by the officer with the one spoken of by the witness was fully made out, was a question for the jury. The other judges concurring, the judgment will be affirmed.