[No. 830.]

## THE STATE OF NEVADA, RESPONDENT, v. JAMES L. JOHNSON, APPELLANT.

CRIMINAL LAW—ERRORS MUST BE SET FORTH IN BILL OF EXCEPTIONS.—Facts tending to show that the court erred in the admission of testimony upon the trial of a criminal case must be included in a bill of exceptions, otherwise they cannot be considered on appeal.

DECEASED WITNESS—TESTIMONY OF, WHEN ADMISSIBLE.—The testimony of a deceased witness given under oath in a proceeding authorized by law, where the opposing party had the opportunity of a cross-examination is admissible as evidence against such party in any subsequent trial of the case.

IDEM—UNCONSTITUTIONAL JURY LAW.—The court in impaneling a jury upon the former trial of defendant, when the deceased witness testified, conducted the proceedings under the provisions of the jury law of 1875, which has since been declared unconstitutional: *Held*, that the fact that the court erred in impaneling a jury was not sufficient ground to justify the exclusion of the testimony of the witness.

APPEAL from the District Court of the Fifth Judicial District, Lander County.

The facts sufficiently appear in the opinion of the court.

*Grass & Harding*, for Appellant:

I. The supposed testimony of Emery read on the last trial of defendant was given on the first trial of the defend-

ant when tried under the jury law of 1875.   The proceedings were therefore void.   (*State* v. *McClear*, 11 Nev. 39.)

II. Emery could not have been convicted of perjury had he testified falsely on the first trial, because an indictment will not lay for perjury in a void proceeding. (5th Ed. Bish. Crim. Law, 1028; *State* v. *Hall*, 25; 7 Blackford, Ind.)

*John R. Kittrell, Attorney-General,* for Respondent:

The testimony of the deceased witness was admissible. (1 Green. Ev., secs. 163, 166.)

But even should it be held that such testimony is not competent, or that it was not put before the jury after the required method, still, the error of its admission, if error there was, was effectually cured by the action of the judge in striking out all that part of it which was objected to by the counsel for defendant.

By the Court, HAWLEY, C. J.:

The appeal in this case presents but one question: Did the court err in admitting the testimony of the witness Emery, against the objections of appellant?

The bill of exceptions shows that appellant was indicted for murder, and afterwards, on the eighteenth day of January, 1876, tried before a jury impaneled under the provisions of the jury law that was, in *The State* v. *McClear* (11 Nev. 39), declared unconstitutional; that upon said trial John H. Emery, then sheriff of Lander county, was a witness for the prosecution; that he was duly sworn and testified in said case, and that his testimony was taken down in writing by the deputy county clerk; that appellant was again tried for the same offense; under the same jury law, on the thirty-first day of January, 1876, and the said John H. Emery again testified as a witness for the prosecution; that on the ninth day of October, 1876, the defendant was tried for the third time under said indictment, and the testimony of John H. Emery, then deceased, as given, and taken down by the clerk, on the first trial, was offered and allowed to be read in evidence against the objection of defendant; "that the same was inadmissible, and that the defendant was enti-

tled to be confronted by the witnesses whose testimony was given against him. "

Counsel for appellant in their brief claim that the court erred in admitting this testimony "without any proof being introduced to show that what was read was the testimony of said Emery at a former trial," and that the testimony was introduced and allowed to be read without any proof that said Emery was dead. ` Neither of these points is sustained by any bill of exceptions.

If these statements of counsel were true, the facts should have been embodied in the bill of exceptions; otherwise they cannot be considered. (*State* v. *Larkin*, 11 Nev. 314.)

The rule that a defendant in a criminal case has a right to be confronted by his witnesses, was not in any manner violated by the introduction of the testimony of the deceased witness.

The testimony of Emery was given at the former trial, where defendant had the opportunity afforded him of a cross-examination. This is all the law requires. The record in this case shows that the witness was cross-examined by the defendant.

Whatever differences of opinion may have in former times existed upon this question, the rule is now too well settled to require any discussion that the testimony of a deceased witness, given under oath in a proceeding authorized by law, where the opposite party had the opportunity of a cross-examination, is admissible as evidence against such party in any subsequent trial of the same case. (*Mayor of Doncaster* v. *Day*, 3 Taunt. 262; *United States* v. *Wood*, 3 Wash. C. C. 440; *Chess* v. *Chess*, 17 Serg. & Rawle, 409; *Commonwealth* v. *Richards*, 18 Pick. 434; *Sloan* v. *Somers*, 1 Spencer, 66; *State* v. *Hooker*, 17 Vt. 659; *Kendrick* v. *The State*, 10 Humph. 479; *United States* v. *Macomb*, 5 McLean, 286; *Summons* v. *The State*, 5 Ohio St. 325; *State* v. *McO'Blenis*, 24 Mo. 402; *State* v. *Baker*, Id. 437; *State* v. *Houser*, 26 Mo. 431; *State* v. *Harman*, 27 Mo. 120.)

Counsel for appellants contend that the testimony was inadmissible, because it was given at a trial wherein the proceedings were conducted pursuant to the provisions of

the jury law that was declared uconstitutional. This point is not, in our judgment, well taken.

If no law existed authorizing the court to try defendant for murder at the time Emery testified, then counsel's position would be correct. But the court had jurisdiction, and was authorized to try the defendant for murder, and the exercise of this power was not derived from any unconstitutional statute. The fact that the court erred as to the manner of impaneling the jury does not furnish sufficient grounds for the exclusion of the testimony.

The case of *The State* v. *Raymond* (11 Nev. 98), wherein the defendant was convicted of murder in the second degree, was upheld, notwithstanding the fact that the jury law had been previously declared unconstitutional, because it did not affirmatively appear that the defendant had been deprived of a jury of twelve impartial men.

We have no doubt that the witness Emery could have been tried and convicted of perjury if he had sworn falsely upon the first trial. The court was authorized to administer the oath, it was taken in a proceeding authorized by law, and the testimony given was material to the issue.

The mere fact, as before stated, that the court erred in impaneling the jury under the jury law of 1875, instead of the law of 1861, was an error that resulted prejudicial to defendant, and authorized this court to grant a new trial (*State* v. *Johnson*, 11 Nev. 148), but was not sufficient to authorize the exclusion of the testimony of Emery at the subsequent trial. The case of *The State* v. *Hall* (7 Blackf. 25), cited by appellant, fully sustains the views we have expressed.

The judgment of the district court is affirmed.