## THE STATE v. ROSE, *Appellant.*

1. **Criminal Practice** : JURORS. The right to re-examine the jurors, as to their qualifications, after the panel has qualified and the defendant has been given his forty-eight hours to make his challenges on a trial for murder, does not exist unless it is first made to appear to the court that some good reasons exist therefor.

2. ———— : EVIDENCE: IDENTITY OF PERSONS. A record showing the conviction of Reuben Bradshaw of grand larceny is insufficient to exclude Reuben Ward as a competent witness, the latter testifying that he had never been known by the name of Bradshaw, and another witness only testifying that, while he had heard him so called several times, he was not certain that Ward ever went by the name of Bradshaw.

3. ———— : EVIDENCE ON FORMER TRIAL. The evidence given by one as a witness on a former trial is inadmissible, it neither appearing that said witness is dead nor beyond the jurisdiction of the court.

4. **Murder** : SELF-DEFENCE : INSTRUCTION. An instruction on a trial for murder was proper, which told the jury that if the defendant, at the time he stabbed the deceased, had reasonable cause to apprehend from the latter, and did apprehend immediate danger of receiving some serious injury to his person from deceased, and to avert such danger, cut and stabbed him, then they should acquit on the ground of self-defence.

5. ———— : ———— : ————. The instruction is not erroneous, in that it uses the words, "immediate danger of receiving some serious injury to his person," instead of the words, "danger of receiving some great personal injury," used in the statute.

6. ———— : ————. The law of self-defence has no application where the defendant brings on the attack which results in the homicide.

7. **Evidence** : TESTIMONY OF DEFENDANT ON FORMER TRIAL. The testimony of a defendant in a criminal case given on a former trial may be used against him on a subsequent trial.

*Appeal from St. Louis Criminal Court.*—HON. G. S. VAN WAGONER, Judge.

AFFIRMED.

*Simon S. Bass* for appellant.

(1) The court erred in refusing to allow defendant to reëxamine the jurors. R. S., secs. 1897, 1898 and 1903 ; Const., art. 2, sec. 22 ; *State v. Collins*, 86 Mo. 245 ; *State v. Culler*, 82 Mo. 623. (2) The court erred in permitting Reuben Ward to testify ; he was incompetent by reason of his conviction of a felony in 1876. *State v. Kelsoe*, 76 Mo. 505 ; *La Riviere v. La Riviere*, 77 Mo. 512 ; *State v. Grant*, 79 Mo. 113 ; W. S., p. 465, sec. 67. (3) The court erred in not permitting defendant to introduce the testimony of George Bell. It was admitted that the transcript containing it was a correct transcript of the proceedings at a former trial. The issue and the parties were the same. The state had exercised the right to cross-examine the witness. The defendant used the process of the court, but without avail. *Franklin v. Gummersall*, 11 Mo. App. 306 ; *Little v. Chauvin*, 1 Mo. 447 ; 1 Greenl. Evid., secs. 163, 166, and note ; Best on Evid., sec. 496 ; Taylor on Evid., secs. 434–446 ; *Clinton v. Ettis*, 20 Ark. 216 ; *Glassler v. Burlington*, 47 Iowa, 300 ; *Cook v. Stout*, 47 Ill. 530. (4) The court erred in defining the law of self-defence. The right of self-defence does not depend upon an apprehension of "immediate danger of receiving some serious injury." R. S., 1879, sec. 1235. (5) The court erred in its qualification of the law of self-defence. *State v. Culler*, 82 Mo. 623 ; *State v. Anderson*, 86 Mo. 309. (6) Under the evidence the court should have given an instruction for a "justifiable homicide," as for resisting an attempt on the part of deceased to commit a felony. R. S., 1879, sec. 1235. (7) The court erred in not instructing for manslaughter in the second degree, as for an unnecessary killing while resisting an attempt on the part of Ingram to commit a felony, or to do an unlawful act, under section 1243, Revised Statutes, 1879.

*State v. Burgess*, 78 Mo. 234. (8) The evidence well warranted an instruction for manslaughter in the fourth degree, as for an intentional killing in the heat of passion provoked by a reasonable provocation. R. S., 1879, sec. 1250 ; *State v. Ellis*, 74 Mo. 207 ; *State v. Edwards*, 73 Mo. 480 ; *State v. Douglas*, 81 Mo. 231. (9) It was error to give a special instruction regarding the credibility of defendant as a witness in his own behalf. Especially so, since the court gave a general instruction to the jury regarding credibility of witnesses, and in which the jury were instructed that they "should take into consideration the character of the witness * * * his * * * interest, if any, in the result," etc. *State v. Cook*, 84 Mo. 40 (dissenting opinion); *State v. Cooper*, 71 Mo. 436. (10) The court should not have permitted the state to introduce in rebuttal the testimony of defendant on a former trial, whether it was objected to or not. It is the duty of the court to see that no improper testimony is introduced.

*B. G. Boone*, Attorney General, for the state.

(1) The trial court committed no error in refusing to permit the defendant to reëxamine the panel of qualified jurors on their *voir dire* after the expiration of their forty-eight hours. *State v. Ward*, 74 Mo. 253. (2) The defendant failed to prove Reuben Ward to be the same person as Reuben Bradshaw, hence the objection to Ward's competency as a witness was properly overruled. (3) The evidence of George Bell given on a former trial was properly excluded. *State v. Houser*, 26 Mo. 431. (4) The usual instructions for murder in the first and second degrees, with instructions for self-defence, credibility of witnesses, the weight to be given defendant's testimony, that the presumption of innocence attends defendant throughout the trial, and defining reasonable doubt, were given. (5) The instruction ex-

plaining the doctrine of self-defence has, in the same form as here given, been repeatedly approved by this court. *State v. Thomas*, 78 Mo. 339 ; *State v. Peak*, 85 Mo. 190 ; *State v. Anderson*, 86 Mo. 322 ; *State v. Griffin*, 87 Mo. 608. (6) There is nothing in the evidence to justify the court in giving instructions for manslaughter in the second or fourth degrees, or justifiable homicide. The court will only instruct on grades of the crime authorized by the evidence. *State v. Wilson*, 86 Mo. 520 ; *State v. Brady*, 85 Mo. 142 ; *State v. Wilson*, 88 Mo. 13. (7) There was no error in the instruction as to the weight to be given defendant's testimony. *State v. Cook*, 84 Mo. 40, and cas. cit. (8) The testimony of defendant at a former trial was proper evidence in rebuttal on behalf of the state. *State v. Eddings*, 71 Mo. 545 ; *State v. Jefferson*, 77 Mo. 136.

NORTON, C. J.—Defendant was indicted in the criminal court of the city of St. Louis at its May term, 1881, for murder in the first degree in killing one George Ingram. Charles Williams and Calvin Emerson were also charged in the same indictment with aiding defendant in committing the crime. Defendant, after having been twice separately tried, and convicted at each trial of murder in the first degree, the judgment rendered in each of those trials being reversed, was again, at the March term, 1885, of said court, put upon his trial and convicted of murder in the second degree, and his punishment assessed at thirty years imprisonment in the penitentiary. From this judgment he has appealed.

The first error assigned is the action of the court in refusing to permit defendant to reëxamine the panel of qualified jurors. It appears from the record that after a panel of forty-seven jurors had been qualified, on the nineteenth of March, that, on defendant's motion, the court allowed him forty-eight hours, wherein to make his challenges, first duly cautioning the jury ; that on the

twenty-third of March said panel again came into court, whereupon, and before the state had made its challenges, Mr. Bass, of counsel for defendant, stated that since the examination of the jury some remarks in relation to the homicide had appeared in some newspaper, and requested the court to allow him to interrogate the jury as to whether they had read the alleged newspaper report, and whether they had been influenced thereby; whereupon the court said to the counsel that if he knew, or had good reason to believe, that the jury had read such report and would so state he would be permitted to examine the jury in relation thereto, to which counsel replied that he had no knowledge on the subject, and, thereupon, the court refused the request.

It cannot be presumed that the jury disregarded the instructions given them by the court, when forty-eight hours was claimed and allowed defendant wherein to make his challenges, and in the absence of anything to show that they had, or to excite even a suspicion in the mind of the court that they had disregarded it by reading the alleged newspaper report, the ruling of the court must be upheld, especially so, as it did not appear that the alleged newspaper report contained anything prejudicial to the accused. Appellant has cited the case of *State v. Collins*, 86 Mo. 245, in support of his contention, where it appears that four days had elapsed between the time of empanelling the jury, and the time when the peremptory challenges were made. The point made in the case was that it was error for the court to empanel a jury on the sixth of the month when the cause could not be tried till the tenth, inasmuch as the jurors, who might have been qualified on the sixth, might have become disqualified between the sixth and the tenth. In disposing of this question, among other things, it is said: "We are of the opinion that the point is not well taken, inasmuch as when said jurors appeared on the tenth, defendant, or his counsel, if they

had so desired, could have examined them to ascertain the fact whether they, or any of them, had become disqualified by anything done or said between the two dates." It was not intended by the above-quoted expression to assert that a defendant could, as a matter of right, without making any showing to the court of some satisfactory reason on which to base its exercise, reexamine jurors who had been fully examined and accepted as qualified, as to whether they had become disqualified between their acceptance and the time they appeared to allow the parties to exercise the right of peremptory challenge. The right to reëxamine arises when it is first made to appear to the court that some good reason existed for its exercise.

An objection was made to the competency of Reuben Ward as a witness, on the ground that he had been convicted of grand larceny in 1870. To sustain the objection the defendant offered the record of the conviction of Reuben Bradshaw. Ward testified that he had never been known by the name of Bradshaw, and the evidence of another witness was to the effect that he was not certain that Ward ever went by the name of Bradshaw, but had heard him called Bradshaw several times. On this evidence the court was justified in overruling the objection.

Defendant offered in evidence a transcript containing the evidence of George Bell, given on a former trial. This the court rejected, and properly, it neither having been shown that the said witness was dead, nor beyond the jurisdiction of the court. *State v. Houser*, 26 Mo. 431.

The court gave instructions as to murder in the first and second degrees in a form repeatedly approved by this court, and also a self-defence instruction. In this instruction the court told the jury that if the defendant, at the time he stabbed the deceased, had reasonable cause to apprehend from the deceased, and did appre-

hend immediate danger of receiving some serious injury to his person from deceased, and to avert such danger, cut and stabbed deceased, that they should acquit the defendant on the ground of self-defence. It is insisted that the instruction is erroneous, in that it used the words, "immediate danger of receiving some serious injury to his person," instead of the words, "danger of receiving some great personal injury," as used in the statute. The objection amounts to no more than a verbal one, and if an error in the respect complained of was committed, it is an error in favor of defendant, of which he cannot complain.

It is also objected that the court added a qualification to the instruction, as follows: "But if the jury believe that the defendant voluntarily brought the difficulty on, and himself brought on the attack, then the jury should not acquit on the ground of self-defence, for if that be true, the law of self-defence has no application." The action of the court in this respect is fully justified by the following cases: *State v. Underwood*, 57 Mo. 50; *State v. Starr*, 38 Mo. 270; *State v. Linney*, 52 Mo. 40; *State v. Shoultz*, 25 Mo. 153; *State v. Christian*, 66 Mo. 138, 145; *State v. Hudson*, 59 Mo. 135, 138; *State v. Vansant*, 80 Mo. 69, 70; *State v. Jones*, 78 Mo. 278; *State v. Thomas*, 78 Mo. 327; *State v. Brown*, 64 Mo. 368; *State v. Peak*, 85 Mo. 190.

It is also insisted that the court erred in allowing the state to read in evidence, in rebuttal, the transcript of defendant's evidence, given in a former trial. As no objection to the introduction of this evidence was made when it was read, that is sufficient to dispose of the objection when made here, but if an objection had been made, when it was offered, the court would have been justified in overruling it and receiving the evidence, under the ruling made in the case of *State v. Eddings*, 71 Mo. 545, and subsequently followed in the case of *State v. Jefferson*, 77 Mo. 136.

Nor was error committed by the court in not instructing as to any other grade of homicide than murder in the first and second degrees. The evidence of the state characterized the crime as murder in the first degree, and that of defendant as murder in the second degree, or justifiable homicide, committed in self-defence.

Upon the whole record we think the case was fairly tried, and the verdict of the jury sustained by the evidence, and it is hereby affirmed. All concur, except Sherwood and Brace, JJ.