THE STATE v. WADE, Appellant.

|147   73|
|s161  442|

**Division Two, November 21, 1898.**

1. **Indictment: OMITTING CHARGE: SUFFICIENCY.** Under Bill of Rights, section 22, which declares that in criminal prosecutions the accused shall have the right to demand the nature and cause of the accusation, the conclusion of an indictment for the murder which fails to show that the grand jury charge that the killing was murder is insufficient, although Revised Statutes 1879, section 1821, provides that no indictment is invalid for omitting to allege that the grand jurors were impaneled, sworn, or charged, etc.

2. ———: ———: ———: **EQUAL TO CHARGE FOR MANSLAUGHTER.** Where a count in an indictment for murder does not have the formal conclusion alleging that the killing was murder, the count only charges manslaughter.

3. ———: ———: **PROPER CONCLUSION: WHEN RAISED.** The failure of an indictment to contain a proper conclusion may be taken advantage of by motion in arrest.

4. ———: ———: ———: **REFERENCE TO PREVIOUS COUNT.** The second count of an indictment for homicide, which charges that the murder was committed "in the manner and form aforesaid" (referring to the first count), but which does not allege what the manner and form or the means was, is fatally defective.

5. ———: ———: ———. The failure of the first count in an indictment to contain a formal conclusion is not cured by a formal conclusion in the second count.

*Appeal from Clay Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED AND REMANDED.

W. J. COURTNEY and FARRIS, CRAVENS & FARRIS for appellant.

(1) The evidence does not sufficiently prove the venue. This in itself is ground for reversal. State v. Meyers, 64 Mo.

190; State v. Gordon, 4 Mo. 376; State v. Miller, 71 Mo. 89; State v. Hughes, 71 Mo. 833; State v. McGinniss, 74 Mo. 245; State v. Washburn, 48 Mo. 240; State v. Pennington, 124 Mo. 388; State v. Schuerman, 70 Mo. App. 518. (2) "Premeditation," is a necessary element of the crime of murder, and it is the duty of the court to define all the terms of the crime with which the defendant stands charged, to the jury, by ample instructions. And such omission is fatal to this judgment and warrants a reversal. State v. Harris, 76 Mo. 361; State v. Wieners, 66 Mo. 25. (3) "Premeditation and deliberation," are not synonymous terms, therefore to define the one, renders no aid to the proper understanding of the other. State v. Wieners, 66 Mo. 25. (4) The court should give all necessary instructions on behalf of the defendant, and a failure to cover the entire phase of the case will constitute reversible error. State v. Sharp, 106 Mo. 106; State v. Matthews, 20 Mo. 55; State v. Nelson, 108 Mo. 124; State v. Heinz, 66 Mo. App. 135; Laws 1895, p. 161, amending section 4208, R. S. 1889.

EDWARD C. CROW, Attorney-General, SAM B. JEFFRIES, Assistant Attorney-General, and W. W. GRAVES for the State.

(1) The evidence sufficiently shows the venue. Underhill on Crim. Ev. (1898), sec. 21; State v. Pennington, 124 Mo. 388; State v. Forrester, 63 Mo. App. 530; State v. Sanders, 106 Mo. 188; State v. Hill, 96 Mo. 351; State v. West, 69 Mo. 401. The court will take judicial notice of the fact that a mile northeast of Prathersville would be in Clay county, and the jury so found under proper instructions. State v. Pennington, 124 Mo. 388; Underhill on Crim. Ev. (1898), sec. 21. (2) We concede that premeditation is an element in the crime of murder and that the court should define the term. In this case this element is included by the court in the instructions given. State v. Wieners, 66 Mo. 1; State v.

Jones, 78 Mo. 278; State v. Talbot, 73 Mo. 347; State v. Moxley, 102 Mo. 374.

SHERWOOD, J.—Charged with murder in the first degree because of shooting to death with a shotgun Alexander Schamel, defendant was found guilty of the second degree of that offense, and his punishment assessed at twenty years in the penitentiary.

The difficulty which resulted in the tragedy had its origin in those fruitful sources of homicide, in this State, a disputed boundary and a division fence.

The first count in the indictment charged the homicide to have been perpetrated with a shotgun and is in usual and approved form. But that count is bad because it has no conclusion such as was pointed out to be necessary in State v. Meyers, 99 Mo. 107, and cases cited. Owing to such omission the first count only charges *manslaughter*. [Ibid, loc. cit. 115.] Such a defect may be taken advantage of on motion in arrest, and if no such motion be made, it is equally available in this court on appeal or writ of error. [Ibid, loc. cit. 112.] Such point was, however, made in the lower court by motion in arrest.

The second count in the indictment is the following: "And the grand jurors aforesaid, upon their oaths aforesaid, do further present and charge that Lewis Wade, before the said felony and murder was committed in the manner and form aforesaid, and by the means aforesaid, at the time and place aforesaid, did then and there unlawfully, feloniously, willfully, deliberately and premeditatedly incite, move, procure, aid, counsel, hire and command him, the said Francis M. Wade, to do and commit the said felony and murder aforesaid, in manner and form aforesaid, and by the means aforesaid, at the time and place aforesaid, to do and commit, and the grand jurors aforesaid, upon their oaths aforesaid, do say that Francis M. Wade and Lewis Wade, him the said Alexander Schamel, at the time and place

aforesaid, in the manner and by the means aforesaid, feloniously, on purpose, willfully, deliberately, premeditatedly and of their malice aforethought, did kill and murder, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State."

The second count is also defective in these particulars: It does not allege *what* were "the means aforesaid," nor *what* "the manner and form aforesaid" by which "the said felony and murder was committed."

Though it is well settled that time, place or person may be referred to by the use of the words "said," "aforesaid," "same," etc., yet that this is the limit of such short method of reference; it can not without more particularity, without express reference to a previous count supply those descriptive averments, which enter into the vitals of the offense.    [State v. Wagner, 118 Mo. 626, and cases cited.]    Such reference, Bishop says, "must be so full and distinct as, in effect, to incorporate the matter going before with that in the count wherein it is made."    [1 Bishop New Crim. Proc., sec. 431.] Thus, he says by way of illustration, that though the first count charged an assault on "Esther Ricketts, an infant above the age of ten and under the age of twelve years" etc., yet that the second count by the use of the words "the said Esther Ricketts," did not with such reference carry with it the allegation contained in the first count that Esther Ricketts was "an infant above the age of ten and under the age of twelve years."    [Citing Reg v. Martin, 9 Car. & P. 215.]    So, also, where a first count set out the larceny of goods of a stated value, and ownership, it was adjudged such ownership and value were not incorporated into the second count, which charged a receiving of the "goods aforesaid."    [Citing State v. Lyon, 17 Wis. 237.]

In Keech v. State, 15 Fla. 591, the precise point now under consideration was adjudicated.    There the first count in the indictment charged that William Newton murdered

Ellen Wells, and, second, that the accused Mary Ann Keech, *alias* Mary Ann Newton, etc., in the State of Florida, was accessory thereto before the fact, and did counsel, hire and procure the said William Newton to commit the murder. The second count omitted to allege the fact of the murder "by William Newton," in express words, but charges that Mary Ann Keech, on, etc., in the State of Wisconsin, did aid the said William Newton, by hiring, etc., the commission of the murder of Newton "in manner and form aforesaid." referring to the allegation of the murder as stated in the first count. And this reference in such second count was held insufficient, in that it omitted those averments which were necessary to a complete statement of the offense. In State v. Longley, 10 Ind. 482, it was ruled, and this in accordance with the universal rule that each count in an indictment being required to be sufficient in itself, that averments in one count can not aid defects in another. This is only announcing in another form the familiar rule "that each count in an indictment must be a complete indictment in itself." To the like effect see Watson v. People, 134 Ill. 374; 1 Chit. Cr. Law, 249; Whart. Crim. Pl. and Prac. (9 Ed.), sec. 299; State v. Phelps, 65 N. C. 450.

We come now to consider the formal conclusion to the second count, and what effect it has in this case. Upon this point it has been ruled, that though the last count contain the usual and correct conclusion, yet that one count with a proper conclusion does not help another without it. [State v. Cadle, 19 Ark. 613; State v. Soule, 20 Me. 19.]

Inasmuch as the indictment is fatally defective in matter and manner aforesaid, we will not go into the other errors assigned, but reverse the judgment and remand the cause. All concur.