State v. Wade.

## THE STATE v. WADE, Appellant.

### Division Two, March 26, 1901.

1. **Criminal Law:** OBJECTION TO TRIAL COURT'S RULING NOT SAVED IN BILL OF EXCEPTIONS. Where the trial court refused to grant an application to pass upon the question of accused's present insanity, in order to take advantage of any error therein, the point must be saved and preserved in a bill of exceptions, and the mere copying it into the record and calling for it in the bill of exceptions was insufficient.

2. ————: HOMICIDE: INSANITY: SELF-DEFENSE: INSTRUCTION. Where, on a trial for murder, one of the defenses was insanity, an instruction that the law of self-defense is applicable alike to the insane and to the sane, and that the defenses are consistent, and either one, if maintained, would authorize a verdict of not guilty, was improperly refused.

Appeal from Clay Circuit Court.—*Hon. E. J. Broaddus,* Judge.

REVERSED AND REMANDED.

*Farris & Son* and *Cravens* and *W. J. Courtney* for appellant.

(1) Instruction numbered 16, in bill of exceptions, is erroneous and should have permitted the jury to have passed

upon the present question of sanity even though they may have found and believed that the defendant was not insane at the time of the killing. The court had refused the application made by Flemmon Wade, a third party, but authorized by the law to act, asking that the question of present insanity be submitted to a jury, which was not granted if not submitted to a jury before trial, the court to have permitted the determining of such question to ascertain whether the defendant was capable of now being tried and of entering his plea to the issues tendered by the indictment. (2) The court erred in not granting instruction on questions of insanity and self-defense, which was to the effect that such defenses were consistent.

SHERWOOD, P. J.—This is the second appearance of this cause in this court, the judgment of the lower court having been reversed on a former occasion, because of the insufficiency of the indictment. [147 Mo. 73.] Since then, the cause has again been tried, resulting in a verdict of guilty of murder in the second degree, and affixing the punishment at imprisonment in the penitentiary for the term of fifteen years.

Of its own motion, the trial court cut down this term to ten years. The homicide charged in the indictment was the killing of Alexander Schamel, by shooting him with a shotgun. The plea was "not guilty," and this was supported by evidence tending strongly to show insanity of defendant when the act was done; self-defense was also interposed. And there was evidence that while in the State penitentiary he was transferred to the insane ward of that institution, where he remained some weeks, when the judgment in his cause having been reversed, he was returned to Clay county, and a new indictment having been returned, he was again put upon his trial. The State is not represented in this court.

It is asserted for the defense that defendant made applica-

tion through another, for a jury to pass upon the question of whether defendant was insane, and so incapable of making his · proper and necessary defense against the accusation contained in the indictment.   And, it is also asserted that the court refused to grant a jury to pass upon the question of defendant's present insanity, and that the report of certain physicians appointed by the court to pass upon defendant's present insanity would be found on certain pages of the *transcript*.   If the trial court ruled improperly on the subject of the application mentioned, the proper course, and the only course to pursue, in order to take advantage of it in this court was to *save the point, and preserve it in the bill of exceptions*.   It could not be preserved (and the same may be said about the report made by the physicians) by copying it into the record, and then referring to it, and calling for it in the bill of exceptions, even if this had been done, since the statute only permits this sort of thing to be done in regard to *motions for new trials, in arrest, and instructions*.   Everything else in the nature of evidence, applications for continuance, or other applications, unless preserved by being copied in the bill of exceptions, is tabooed.   [State v. Griffin, 98 Mo. 672.]

And we have many times decided that so far as mere matters of exception are concerned, the only repository known for them in the law, is a bill of exceptions.   [State v. Wear, 145 Mo. 162, and cases cited.]

Speaking of the instructions, seventeen given at the instance of the State, and thirteen at that of defendant, and one of the court's own motion, they presented in a general way such views of the law as have frequently received our sanction.   It is unnecessary, for a reason which will presently appear, to go more into particulars or to discuss the instructions in detail.

Contention has been made that defendant was permanently insane, at and before the perpetration of the homicidal act, and

there is evidence bearing in that direction. If, of course, permanently insane before the act done, and this established by the evidence, the State, in order to convict, would have to show the act done during a lucid interval; because chronic or habitual insanity once being established, is presumed to continue, until the contrary is made to appear. [State v. Lowe, 93 Mo. 547.]

And, if on the other hand, insanity permanent in its nature should have been developed after the act done, still, the State could not convict except during a lucid interval.

Among instructions asked by defendant there was this one, "The jury are instructed that the law of self-defense is applicable alike to the insane as to the sane; that both defenses are consistent, and if you find one or both of such defenses in favor of the defendant, you will return your verdict of not guilty."

The theory of this instruction was correct; it was not embodied in any other; it should have been given; for failure to give it, judgment reversed, and cause remanded. All concur.