## STATE OF MISSOURI, Respondent, v. NICHOLAS et al., Appellants.

### St. Louis Court of Appeals, April 2, 1907.

1. **PRACTICE IN CRIMINAL CASES: Information: Duplicity.** Where different offenses are charged in the same information, they must be stated in separate counts and each count must be complete in itself; if different offenses are commingled in the same count, a motion to quash the information should be sustained.

2. ———: ———: ———. An information charging a violation of section 2175, Revised Statutes of 1899, which charged the defendant with more than one of the acts of immorality set forth in said section, all joined in one count, was bad and a motion to quash it would lie.

State v. Nicholas.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED (*with directions*).

*Jere S. Gossom* for appellants.

(1) The information charges or attempts to charge in the same count four separate and distinct offenses embraced in said section, supra, to-wit the first four above set out, is therefore bad. Defendants' motion to quash on account of duplicity, and failure to inform defendants of the charge they are expected to defend should have been sustained. State v. Morrison, 64 Mo. App. 507; State v. Green, 24 Mo. App. 227; State v. Healey, 50 Mo. App. 244; State v. Clawson, 30 Mo. App. 139. (2) The court in its verdict and judgment failed to specify the offense of which it found defendants guilty, rendering only a general verdict. There being four separate and distinct offenses charged in the information, a general verdict was insufficient and improper. State v. Nitch, 79 Mo. App. 102; State v. Bedell, 35 Mo. App. 552; State v. Harmon, 106 Mo. 657; State v. Pierce, 136 Mo. 40; State v. Brown, 66 Mo. App. 283.

*L. L. Collins* for respondent.

BLAND, P. J.—Defendants appealed from a verdict and judgment rendered against them in the Pemiscot Circuit Court, on the following information:

"L. L. Collins, prosecuting attorney, duly elected, commissioned, sworn, qualified, installed and acting as such in and for the county of Pemiscot, in the State of Missouri, upon his oath and upon his hereto appended oath, informs the court and upon his said oath and upon his hereto appended oath does depose, present, aver and charge that defendant P. G. Nicholas and Fannie Nicholas on the first day of November, A. D. 1905, and from that date until the filing of this

information at the said county of Pemiscot and state of Missouri, did then and there unlawfully, wrongfully and wilfully, live in a state of open and notorious adultery; and did then and there lewdly and lasciviously abide and cohabit with each other; and was then and there guilty of open, gross lewdness, and lascivious behavior, by then and there publicly, lewdly and lasciviously abiding and cohabiting with each other and habitually having sexual intercourse with each other and lying in a bed together, not being then and there married to each other, he, the said P. G. Nicholas, being then and there a married man and having a wife living and she, the said Fannie Nicholas, being then and there a single and unmarried woman and not being the wife of him, the said P. G. Nicholas, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Missouri."

Defendant moved to quash the information, on the ground of duplicity, that is, that more than one offense was joined in the one count of the information.

1.  The overruling of the motion to quash is assigned as error. In State v. Chandler, 132 Mo. l. c. 160-1, 33 S. W. 797, SHERWOOD, J., said that the section (2175) on which the information is bottomed, "embraces five offenses: First, living in a state of open and notorious adultery by two persons of opposite sexes, one or both of whom are married, but not to each other; second, a man and woman, one or both of whom are married, but not to each other, who lewdly and lasciviously abide and cohabit with each other; third, every person, married or unmarried, guilty of open, gross lewdness; or, fourth, lascivious behaviour; or, fifth, of any open, notorious act of public indecency, grossly scandalous." Bishop says, "If the statute forbids a man and woman to live together in 'adultery or fornication,' both forms of the offense cannot be charged against them in one count by the use of either 'and' or 'or'; because, first,

the two things are repugnant; secondly, in this instance, the statute creates two offences." [1 Bishop on Criminal Procedure, sec. 587; Bishop on Stat. Crimes, sec. 701.] The information charges the defendants, first, with living "in a state of open and notorious adultery;" second, of "lewdly and lasciviously" abiding and cohabiting with each other; and, third, "of open, gross lewdness and lascivious behavior," three separate and distinct offenses, all joined in one count. When different offenses are charged in the same information, they must be stated in separate counts and each count must be complete in itself (State v. Wade, 147 Mo. 73, 47 S. W. 1070) and the jury must respond to the whole case by finding a verdict on each count. [State v. Harmon, 106 Mo. 1. c. 657, 18 S. W. 128.] The motion to quash should have been sustained. Numerous other errors are pointed out in defendant's brief, but as the information must be quashed, we deem it unnecessary to notice them.

The judgment is reversed and the cause remanded, with directions to the circuit court to set aside its order overruling the motion to quash and to sustain the motion and quash the information, and to grant the prosecuting attorney leave to file an amended information, if he is so advised. All concur.