## STATE OF MISSOURI, Respondent, v. P. G. NICHOLAS et al., Appellants.

### Springfield Court of Appeals, July 7, 1910.

1. **CRIMINAL LAW: Statute of Limitations: Amended Information: Judicial Notice.** On an appeal in a criminal case from an order of the circuit court overruling defendant's motion to quash the information, the appellate court remanded the cause with directions to set aside the order refusing to quash the information, with leave to the State to amend the information. After the case was returned to the circuit court, the prosecuting attorney filed another information, entitled "Second Amended Information." *Held*, that such information was presumably filed under the permission of the trial court as directed by the appellate court, and that the trial court could take judicial notice of the filing of the former information; and the time during which the cause was pending on the first information will not be counted as a part of the time of the limitation prescribed for the offense.

2. ———: ———: ———: ———: **Practice.** Section 2422, R. S. 1899, provides: "When an indictment or prosecution shall be quashed, set aside or reversed, the time during which the same was pending shall not be computed as part of the time of the limitation prescribed for the offense." *Held*, that in a trial on an amended information the trial court could take judicial notice of the filing of the former information, but the better practice is to introduce the former information in evidence at the

trial, so that in case of an appeal the appellate court would be possessed of all the facts.

3. ———: **Illegal Cohabitation: Instructions: Omitting Words "Lewdly and Lasciviously."** In a prosecution under section 2175, R. S. 1899, it was held that an instruction which omitted the words, "lewdly and lasciviously" was erroneous; they being a part of the statutory definition of the offense which was charged in the information.

4. **EVIDENCE: Criminal Law: Testimony of State's Witness Given at Former Trial Introduced by State.** In a criminal case the testimony of the State's witness taken at a former trial of the same offense, cannot be introduced in evidence by the State without showing by the State that the witness is dead, absence from the State being insufficient.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

REVERSED AND REMANDED.

*Jere S. Gossom* for appellants.

(1) This information fails to lay the offense within the time limited by law, and on the trial the State failed to show facts which would bring the prosecution within the exception of the Statute of Limitations, and is, therefore bad, and is barred by the statute. State v. English, 2 Mo. 182; State v. Meyers, 68 Mo. 268. (2) The court erred in admitting incompetent, immaterial, irrelevant and illegal testimony. Art. 2, sec. 22, Const. of Mo.; State v. Williford, 111 Mo. App. 668; Ex parte Bedard, 106 Mo. 624; State v. Wagner, 78 Mo. 644. (3) The State did not show that the witnesses whose testimony it read to the jury from the bill of exceptions were dead. State v. McO'Blenis, 24 Mo. 402; State v. Moore, 156 Mo. 210. (4) The court erred in its instructions to the jury. R. S. 1899, sec. 2175; State v. Chandler, 132 Mo. 162; State v. Sekrit, 130 Mo. 401.

*B. A. McKay* for respondent.

NIXON, P. J.—This was a prosecution under section 2175, R. S. 1899, and the case has once been before the St. Louis Court of Appeals. [State v. Nicholas, 124 Mo. App. 330, 101 S. W. 618.] It was there held that defendants' motion to quash the information should have been sustained, and the judgment was accordingly reversed and the cause remanded with directions to the circuit court to set aside its order overruling defendants' motion to quash the information and to grant the prosecuting attorney leave to file an amended information if he should be so advised. On the 17th day of July, 1907, the following information was filed: (Caption omitted.)

"SECOND AMENDED INFORMATION FOR MISDEMEANOR.

"B. A. McKay, prosecuting attorney, duly elected, commissioned, sworn, qualified, installed and acting as such within and for the county of Pemiscot, in the State of Missouri, upon his said oath and his hereto appended oath informs the court, and upon his said oath and upon his hereto appended oath does for an amended information herein depose, present, aver and charge, that said defendants, P. G. Nicholas and Fannie Nicholas, on the first day of November, 190—, and from that day continuously until the 10th day of February, 1906, in the county of Pemiscot, in the State of Missouri, did then and there unlawfully, lewdy, lasciviously, abide and cohabit with each other, and did then and there have sexual intercourse together, he the said P. G. Nicholas, being then and there a married man and having a wife living, and she, the said Fannie Nicholas, being then and there a single and unmarried women, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Missouri."

The case came on for trial and at the close of all the evidence the defendants asked a peremptory instruction that under the information and the testimony offered in support thereof, the verdict should be for the

defendants.    The court refused to give this instruction and defendants were found guilty and appropriate punishment assessed.    The refusal of the court to give such instruction is assigned as error.    Defendants insist that the so-called amended information fails to lay the offense within the time limited by law, and that on the trial the State failed to show facts which would bring the prosecution within the exception of the Statute of Limitations and that the prosecution was therefore barred.

Section 2422, Revised Statutes 1899, provides: "When an indictment or prosecution, shall be quashed, set aside or reversed,  the time during which the same was pending shall not be computed as part of the time of the limitation prescribed for the offense."

I.   As we have said, the St. Louis Court of Appeals, on the former appeal, remanded the case with directions to the trial court to set aside its order overruling defendants' motion to quash the information and to grant the prosecuting attorney leave to file an amended information if he should be so advised.   The information on which the defendants were tried in the case before us is entitled, "Second Amended Information for Misdemeanor," and presumably was filed under the permission given in the opinion of the appellate court.   The trial court could take judicial notice of the filing of the former information.   [State v. Daugherty, 106 Mo. 182, 17 S. W. 303.]   We think, however, the better practice is to introduce the former information in evidence at the trial so that in case of an appeal the appellate court would be possessed of all the facts.

II.   A further assignment is made that instruction numbered 3 given for the State is erroneous.   This instruction omits the words "lewdly and lasciviously." The abiding and cohabiting together should be both lewdly and lasciviously or the crime charged in the information is not established.   The words of the statute,

section 2175, Revised Statutes 1899, are as follows: ". . . and every man and woman, one or both of whom are married, and not to each other, who shall lewdly and lasciviously abide and cohabit with each other. . . ." The instruction, therefore, was not responsive to the allegation of the information. We think this instruction was therefore erroneous for not containing the words "lewdly and lasciviously," they being a part of the statutory definition of the offense which was charged in the information.

III. It is further assigned as error that the court admitted improper evidence; that the State was permitted to read in evidence the testimony preserved in the bill of exceptions of a former trial of the case of three witnesses, Willa Harvell, Belle Rader and Mrs. Florence Talley, without first showing that the witnesses whose testimony was read were dead or beyond the jurisdiction of the court; that no proper diligence was used by the State, the proof on the contrary being that the witnesses were living.

The circumstances under which a deposition taken upon a preliminary examination before a committing magistrate in the presence of the accused, or in which evidence taken at a former trial of the defendant on the same indictment can be subsequently used by the State, received learned and exhaustive consideration in this State more than half a century ago by our Supreme Court. In the case of State v. McO'Blenis, 24 Mo. 402, it was held that a deposition of a witness so taken might be received in evidence when offered by the State upon proof of the death of the witness; that the provision of the constitution of this State that in all criminal prosecutions the accused has a right to meet the witnesses face to face does not render such evidence illegal. Subsequently, and following close upon this decision, in the case of State v. Houser, 26 Mo. 431, upon consideration of the same question, it was held by a divided

court that such a deposition of a witness taken on a preliminary examination in the presence of the accused was not admissible in evidence on the trial upon proof that the witness was beyond the jurisdiction as such a rule would deprive the defendant of his constitutional right to meet the witnesses against him face to face; but the former case of State v. McO'Blenis was approved, holding that when the witness is dead, such evidence is competent.

In the case of State v. Rose, 92 Mo. 201, 206, 4 S. W. 733, the defendant offered in evidence a transcript containing the evidence of George Bell, given on a former trial. In passing upon the propriety of the action of the trial court in rejecting such transcript, the Supreme Court approved its action, saying, "It neither having been shown that the said witness was dead, nor beyond the jurisdiction of the court. [State v. Houser, 26 Mo. 431.]" It will be seen, however, that the question presented in that case was where the defendant offered the evidence, and not the State, and hence the question of constitutional right did not arise.

Many states have applied and extended the reasoning by which the testimony adduced at preliminary examinations may be used as evidence in criminal cases upon the death of the witness, to cases where the witness is beyond the jurisdiction of the State though not dead. The decisions of such courts are based upon the reasoning that if evidence is not within the constitutional right of the defendant in case the witness is dead, the same rule would apply in case the witness is absent from the State. [Summers v. State, 5 Ohio St. 340; Gilbreath v. State, 26 Tex. 318; Sneed v. State, 47 Ark. 180; Idaho v. Evans, 7 L. R. A. 646; People v. Witty (Cal.), 72 Pac. 177; State v. Harmon (Kan.), 78 Pac. 805.] Some of the states, however, have confined the competency of the testimony given at a former trial of the same indictment to cases where the witness is shown to be dead, and have held that it was incompe-

tent if the witness is alive, although he be absent from the State. [People v. Newman (N. Y.), 5 Hill 295.]

The question in this State was settled in the affirmative that such evidence is competent only when the witness is dead, and in the negative that the evidence is incompetent when the witness is living although beyond the jurisdiction of the State. These principles of law, early announced by the Supreme Court of this State, have received express approval in the case of State v. Moore, 156 Mo. l. c. 210, 56 S. W. 883. The court there said: "That question was settled in the affirmative in the great case of State v. McO'Blenis, 24 Mo. 402. The discussion in that case by the eloquent and learned counsel for defendant, and by Judge Leonard in the opinion of the court, . . . constitutes a chapter in our judicial history which will forever command the admiration of the bench and bar of our State. [State v. Houser, 26 Mo. 431; State v. Harman, 27 Mo. 120.] Nothing we can say will add force to the logic or embellish the learning exhibited by the court in the disposition of that case. It is the settled law of this court, and no error was committed in following it."

The cases last above cited are controlling, and we therefore hold that the testimony taken at the former trial, the witnesses not being shown by the State to be dead, was inadmissible.

The judgment is accordingly reversed and the cause remanded. All concur.