STATE OF MISSOURI, RESPONDENT v. DUDLEY PARKER AND GEORGIA UNDERWOOD, APPELLANTS.—128 S. W. (2d) 288.

In the Springfield Court of Appeals. May 1, 1939.

*M. E. Morrow* and *A. W. Landis* for appellants.

*Homer Rinehart* for respondent.

FULBRIGHT, J.—The defendants were convicted, in the Circuit Court of Howell County of "open, gross lewdness and lascivious be-

havior'' under section 4265, Revised Statutes Missouri 1929, fined $50 and sentenced to thirty days in jail. Being unsuccessful in their motion for a new trial, they appealed to this court.

The evidence discloses that on the night of May 15, 1938 near twelve or one o'clock two men and two women stopped at Hillcrest Tourist Camp about a mile from West Plains, and both couples, representing themselves to be man and wife, secured lodging for the night. The proprietor showed them to the cabins which were about 75 or 100 yards from his residence (the distance between the cabins is not disclosed), turned on the lights, and found everything in order, although he did not make special investigation. He then returned to his residence and did not see his guests any more that night. He had never seen them before and could not identify the defendants as one of the couples that had secured lodging at his camp on the night in question, but stated he heard the next morning that they had been arrested. The windows to the cabin were curtained, and the proprietor knew of no hole or crack through which the occupants could be observed. During the night the defendants were visited by Bean and his companion, the other couple, who asked for a rubber which was given to them. A similar request was made later and upon being advised Parker had no more, the girl ''got mad and left.'' About three o'clock in the morning, having received a tip as to the whereabouts of defendants, the marshal of West Plains and the sheriff of Howell County proceeded to Hillcrest Tourist Camp, went directly to the cabin occupied by defendants and demanded admission. They heard some one ''get out of bed'' and Parker opened the door clad only in his underwear. Upon entering the cabin they found Georgia Underwood covered up in bed, her clothes lying on the foot thereof, the bed having the appearance of having been occupied by two people. On the floor a short distance from the bed was a rubber. The sheriff asked Parker if the woman in bed was his wife. Parker said that she was, but later said that she was not, and asked if they got married the next day would that settle the matter. The sheriff answered in the negative, arrested the defendants without a warrant, and took them to West Plains where he lodged them in jail. Before taking defendants to West Plains the sheriff went to another cabin where he found Bean in bed alone.

Counsel for defendants learned for the first time upon cross-examination of the sheriff that defendants were arrested without a warrant and immediately filed motion to strike the testimony of the sheriff and of the marshal which motion was overruled. At the close of the evidence defendants filed a demurrer and asked for an instructed verdict. The demurrer was overruled and the instruction refused. These rulings of the court are urged as error, but from the view we take of the evidence, it will be unnecessary to pass upon the motion to strike. It is our conclusion that under the statute upon which the informa-

tion is based and the decisions of our courts as well as the decisions of other States with similar statutes, the evidence, if all of it were admissible, is insufficient to sustain a charge of "open, gross lewdness and lascivious behavior."

Proof of gross lewdness and lascivous behavor is not sufficient. Proof must also be made that the gross lewdness and lascivious behavior is open. The word open as used in the statute means public, not secret. The behavior that constitutes the offense must be open and notorious, that is, committed in a public place, or committed in the actual presence of, or in such close proximity to, another person so that it may be known what is being done by the use of the ordinary senses. Defendants were concealed within the four walls of a cabin, the shades were drawn and the door was closed. It was in the night and there was no way for their conduct to be observed by any one. This nocturnal meeting was shrouded in secrecy, and the proprietor testified that he saw no improper conduct on the part of defendants. So far as the evidence discloses they remained in seclusion from the time they entered the cabin until they were arrested by the sheriff. What took place during that interim was observed by no one and is known only to the defendants themselves. That their conduct was lewd and lascivious may well be inferred from the evidence, but the evidence falls far short of establishing the essential element that their behavior was open and notorious.

A definite pronouncement of the law applicable to the section under which defendants are charged is made in the case of State v. Chandler, 132 Mo. 155, 33 S. W. 797, as follows:

"*It is not the object of the statute to establish a censorship over the morals of the people, nor to forbid the violation of the seventh commandment. Its prohibitions do not extend to stolen waters nor to bread eaten in secret.* Its evident object was not to forbid and punish furtive illicit interviews between the sexes, however frequent and habitual their occurrence; but only to make such acts punishable as it plainly designates; acts which necessarily tend by their openness and notoriety, or by their publicity to debase and lower the standard of public morals."

The interpretation we have made of the word "open" as used in the statute is supported by the following cases: State v. McGehee, 274 S. W. 70; State v. Pedigo, 176 S. W. 556; State v. Juneau, 59 N. W. 580; State v. Crowner, 56 Mo. 147; and Williams v. People, 67 Ill. A. 344. It may be regretted the language used in the statute is such that a different interpretation cannot be made, but we cannot invade the province of the Legislature and amend the law by judicial decision.

The judgment of the trial court is reversed and the defendants discharged. *Smith, J.,* concurs; *Allen, P. J.,* absent.