[1] This case was started in the magistrate court of Crawford County, Missouri, where appellant was convicted of a misdemeanor and appealed to the circuit court of that county, where the State (respondent) filed the following amended information:
[2] "Comes now G. C. Beckham, Prosecuting Attorney within and for the County of Crawford and State of Missouri and upon his official oath informs the Court that in County of Crawford and State of Missouri on or about the 3rd day of April, 1948, one Louie Hedrick, did then and there, wilfully and unlawfully commit certain acts of gross lewdness and acts of open and notorious public indecency, in that said Louie Hedrick did then and there, in a public place, to-wit; at a point approximately five (5) feet from the North edge of U.S. Highway No. 66, the same being a public road and much traveled by the public, and in open view of persons who were then and there traveling upon said public highway, place his body between the legs of a certain female person and did then and there expose the body and thighs of said female person, in a very indecent and grossly scandalous manner, against the peace and dignity of the State."
[3] A motion by appellant to quash that information was overruled, and defendant entered a plea of not guilty, as charged in such information.
[4] Upon the trial in the circuit court before a jury, appellant was found guilty and his punishment was assessed at a fine of $100. Defendant's motion for new trial was overruled and he was sentenced on the verdict of the jury. The case was submitted in this Court without argument, and we have before us only appellant's brief, as respondent filed no brief and did not appear orally in opposition to the points raised in appellant's brief. The case is thus before us.
[5] From appellant's brief, the following is said to have been the evidence in the case.
[6] "The evidence in this case shows that the defendant, Louie Hedrick, on the 3rd day of April, 1948, at about 10:00 p. m., was approximately three miles west of Cuba, Missouri, about five feet north of Highway 66 at a parked truck and in company with a female person.
[7] "The evidence further shows that three officers (two State Highway Patrolmen and one Deputy Sheriff) drove past the defendant going West and noticed some irregularity in their actions, that they `appeared to be wrestling'. These three officers drove past the defendant for a short distance, turned around, and within approximately *Page 548 
three minutes returned to the scene. There had been one car ahead of the patrol car and one car behind it. This being all the traffic on the highway at the time of this incident. The patrol car stopped near the truck and the spotlight was focused on the defendant and his companion. The truck door was opened on the side next to the highway. The female person was sitting on the end of the driver's seat, facing the highway, and with her feet on the running board. The defendant was standing on the running board with his back to the highway and between the legs of the female person. With the spotlight focused on the defendant and his female companion, the officers were able to view the limbs of the female person `at least six inches above the knee.'
[8] "Upon questioning by these officers, the female person stated that no act had been committed but that the defendant was about to wear her resistance down. The officers were unable to determine whether or not the defendant had his pants unbuttoned.
[9] "Evidence supporting the good reputation and character of the defendant, was submitted."
[10] Those were stipulated to have been the facts, as shown by the transcript. But the respondent was permitted by the trial court to show that two other automobiles, in addition to the automobile of the officers, were in the vicinity at or near the time appellant and the female person occupied the stipulated position. Several witnesses testified to the previous good character of appellant.
[11] The appellant's brief makes six assignments of alleged error of the trial court and these assignments are as follows:
[12] "1. The Court erred in overruling defendant's motion to quash.
[13] "2. The Court erred in overruling demurrer offered by defendant at the close of the State's case.
[14] "3. The Court erred in overruling the defendant's demurrer offered by the defendant at the close of all the evidence.
[15] "4. The Court erred in refusing defendant's Instructions A. and C.
[16] "5. The verdict of the Jury is against the law.
[17] "6. The verdict of the Jury is against the evidence and the weight thereof."
[18] The first assignment of alleged error is that the trial court erred in overruling defendant's motion to quash the information, which was set out above. The motion to quash the information charged that such information should be quashed for only six reasons, stated therein, as follows:
[19] "1. That the information does not fully apprise defendant of the crime he is charged with.
[20] "2. For a further reason, states that the information does not show jurisdiction in Crawford County, Missouri.
[21] "3. For a further reason, states that the place stated in the information is not a public place.
[22] "4. For a further reason, states that whatever act was committed is not a violation of any law because it is not charged that it was viewed by anyone except the officers of the law.
[23] "5. For a further reason, states that it did not affect the public senses.
[24] "6. For a further reason, states that the allegations in the petition was an isolated incident and not under the character of a public nuisance as provided by the statutes."
[25] No other reasons were suggested even in the motion for new trial.
[26] In his brief appellant cites a number of authorities and cases, including State v. Nicholas, 124 Mo.App., 330, loc. cit. 332, 101 S.W. 618; Bishop on Criminal Procedure, Sec. 587; Bishop on Stat. Crimes, Sec. 701; State v. Wade, 147 Mo. 73, 47 S.W. 1070; State v. Harmon, 106 Mo. 635, loc. cit. 657, 18 S.W. 128; State v. Chandler, 132 Mo. 155, 33 S.W. 798, 799, 53 Am. St.Rep. 483; and State v. Parker, 233 Mo. App. 1037, 128 S.W.2d 288.
[27] All of those cases and authorities, with the possible exception of the Parker case, deal with motions to quash informations on the ground that the particular information dealt with charged more than one criminal offense.
[28] A careful examination of defendant's quoted motion to quash the information *Page 549 
does not give the slightest hint that such information was attacked in the trial court on the ground that it charged more than one criminal offense. Such is now the burden of appellant's brief.
[29] The writer of this opinion is thoroughly acquainted with the charge that the information in the case of State v. Browning, Mo.App., 217 S.W.2d 719, charged more than one offense, and many of the cases now cited by appellant were considered in the Browning case. The question that more than one offense was charged in the information was properly raised in the Browning case. But it certainly would be manifestly unfair to the trial court to consider whether or not the information in this case charged more than one criminal offense, when the trial court was not even asked in the motion to quash such information, or even in the motion for new trial, to pass on the sufficiency of the information from that viewpoint.
[30] For this reason we will not consider the sufficiency of the information on grounds other than asserted by appellant in his brief here, and possibly in his motion to quash such information in the circuit court.
[31] The first objection to the information, set out in appellant's brief, is that it did not fully advise defendant of the crime with which he was charged. Section 4653 R.S.Mo. 1939, Mo.R.S.A., under which respondent evidently attempted to proceed, provides, among other things, that every person who shall be guilty of open, gross lewdness or lascivious behavior, or of any open and notorious act of public indecency, shall be guilty of a misdemeanor. That appellant was charged in the information with that sort of conduct is very apparent. Whether appellant succeeded in his lascivious behavior or not, under all of the circumstances, he was evidently endeavoring at that very time to have sexual intercourse with a female person, along side of and near a highway, over and along which the public was likely to pass at any moment.
[32] We are not at all impressed with appellant's contention that he was not fully apprised of the crime with which he stood charged in such information. The trial court properly held that it was the place where defendant was attempting to commit his act, and not the actual presence of people on the highway, other than the officers themselves, that made the act one of notorious public indecency. This act, the information sufficiently charged.
[33] The case of State v. Parker, 233 Mo.App. 1037, 128 S.W.2d 288, does not aid appellant on the ground that the offense must be open to violate said Section 4653. In that case the alleged offense occurred in a house, with the doors and windows closed, and curtains drawn, and this Court correctly held that such act was not open.
[34] What we have said disposes of the first three of appellant's assignments of error. The 4th assignment deals with the refusal of the trial court of defendant's instructions A and C. This requires reference to the motion for new trial, as set out on pages 10, 11 and 12 of appellant's brief. In his motion for new trial, appellant cites paragraph 7 of said motion and charged the trial court with error in refusing instruction C, which would have required the jury to find that defendant wilfully and with intent did commit an act which was an act of public indecency, and one that was grossly scandalous. We think this point was sufficiently covered by given instructions 2 and 3, as quoted in appellant's brief, and overrule the contention.
[35] Assignments 5 and 6, in appellant's brief, charged that the verdict rendered is against the law and the weight of the evidence. The weight of the evidence must have gone entirely to the alleged good character of appellant, or possibly to the presence in that vicinity of persons, other than the officers. The real facts were admitted. Even if there was evidence of appellant's previous good character, that is no excuse for law violation, if such violation occurred. 16 C.J., page 584; 22 C.J.S., Criminal Law, § 679, page 1079.
[36] In selecting a spot, near a public highway, for the commission of such an act as is admitted to have occurred, the defendant, appellant here, showed a contemptuous disregard for the public, who were likely to pass by on that highway every few minutes, *Page 550 
and we do not think he is entitled, under the record made, to complain of the action of the jury in finding him guilty of a misdemeanor.
[37] The judgment is affirmed.
[38] VANDEVENTER, P. J., and McDOWELL, J., concur.