## DAMERON *vs.* THE STATE.

In an indictment for " open, gross lewdness, or lascivious behaviour," under the eighth section of the eighth article of the act concerning " crimes and punishments," (Rev. Stat., 1835, p. 206,) it is not sufficient to charge the defendant generally, in the words of the statute, with being guilty of " open, gross lewdness and lascivious behaviour," by then and there publicly cohabiting with one F., &c.; but the specific act in which the lewdness or lasciviousness is displayed must be specified, with that degree of certainty that would advise the accused of the specific charge he is called upon to answer.

ERROR to Jasper Circuit Court.

HENDRICK, *for Plaintiff in Error.*

NAPTON, *J., delivered the opinion of the Court.*

The plaintiff in error was indicted by the grand jury of Jasper county, under the eighth section of the eighth article of the act concerning crimes and punishments. The indictment charged that the defendant, on, &c., at, &c., " was guilty of open, gross lewdness and lascivious behaviour, by then and there publicly cohabiting with one Sally Ann F., against the form of the statute," &c.

The defendant moved to quash the indictment, but the court overruled the motion. A trial was had, and the defendant convicted and fined. No bill of exceptions was taken, preserving the evidence, and the only matter properly before the court is the sufficiency of the indictment.

The eighth section of the eighth article of the act concerning crimes and punishments, provides against three classes of offences. The two first can only be committed where one of the guilty parties is married; the third may be committed by a person either married or single, and is, in the words of the law, some act of " open, gross lewdness or lascivious behaviour." In a prosecution for the last offence, it is not sufficient to charge the defendant generally, in the words of the act, with being guilty of " open, gross lewdness and lascivious behaviour," but the specific act in which the lewdness or lasciviousness is displayed must be specified at least with that degree of certainty that would advise the accused of the specific charge he is called on to defend.

It seems to us that this is not done in this indictment with that clearness and certainty which is requisite in criminal pleadings. If the act of lewdness charged was designed to embrace the offences specified in the two first clauses of the section, with the omission of the aggravating incident that one of the parties was married, there should have been a distinct averment to that effect; and if the words " by publicly cohabiting with one S. F.," could be regarded as such averment, or as supplying the place of such averment, the charge is still defective in not employing some language indicative of a continuous offence, and negativing the idea of a single act of cohabitation. It should have been " by publicly, *lewdly and lasciously abiding* and cohabiting with one F."

If, on the other hand, the act of lewdness or lascivious behaviour designed to be charged was not of the character specified in the two first clauses of the eighth section, but a single act of that character, performed in a manner so public as to be offensive to the public morals, the charge is entirely insufficient and uncertain. The time, place, and manner should have been so described that the party could have known how to defend himself. The averment, if it can be considered such, is indefinite, and leaves it very uncertain what character and kind of offence the prosecutor designed to charge.

Judgment reversed.