THE STATE, Appellant, *vs.* BESS, Respondent.

1. An indictment against a man and woman, which charges that they were " guilty of open, gross lewdness and lascivious behavior, by publicly, lewdly and lasciviously abiding and cohabiting with each other," &c., in the words of the third specification of section 8 of article 8 of the act concerning " crimes and punishments," (R. C. 1845,) is good, although it does not state whether they were married or unmarried.

*Appeal from Shannon Circuit Court.*

*Gardenhire*, (attorney general,) for the State.
No appearance for respondent.

RYLAND, Judge, delivered the opinion of the court.

At the April term of the Circuit Court, within and for the county of Shannon, in the year 1854, the grand jury indicted John Bess and Polly Bess, (alias Polly Cox,) for open, gross lewdness and lascivious behavior, by publicly, lewdly and lasciviously abiding and cohabiting with each other.

State *v.* Bess.

At the September term following, the defendants appeared and made their motion to quash the indictment. The court sustained their motion and quashed the indictment. The circuit attorney excepted to the judgment of the court, and brings the case here by appeal. The sufficiency of the indictment is the only matter for the consideration of this court. This indictment is as follows :

" State of Missouri, county of Shannon. In the Shannon Circuit Court—April term, 1854. The grand jurors for the state of Missouri, impanneled, &c., upon their oath present, that John Bess and Polly Bess, (alias Polly Cox,) both late of Shannon county, on the first day of May, in the year eighteen hundred and fifty-three, and on divers other days between that day and the time of the finding of this bill of indictment, with force and arms, at, &c., did then and there live in a state of open and notorious adultery, and did then and there lewdly and lasciviously abide and cohabit with each other ; and *was* then and there guilty of open, gross lewdness and lascivious behavior, by then and there publicly, lewdly and lasciviously abiding and cohabiting with each other, contrary," &c.

This indictment is for an alleged offence against the eighth section of the eighth article of the act concerning crimes and punishments, (R. C. 1845, p. 400,) which is as follows : " Every person who shall live in a state of open and notorious adultery ; and every man and woman, (one or both of whom are married, and not to each other,) who shall lewdly and lasciviously abide and cohabit with each other ; and every person married or unmarried, who shall be guilty of open, gross lewdness or lascivious behavior, or of any open and notorious act of public indecency, grossly scandalous, shall, on conviction, be adjudged guilty," &c.

The indictment charges that the ·defendants " did live in a state of open and notorious adultery," and " did then and there lewdly and lasciviously abide and cohabit with each other." We do not consider the indictment good in respect to either one of these charges and specifications ; it is not sufficient to

State *v.* Bess.

charge that two persons did live in a state of open and noto-rious adultery ; it must be shown that one or both are married ; adultery is a violation of the marriage bed. Marriage is also necessary in order to be within the second charge or specifica-tion in the above section of the statute : "Every man and woman, (one or both of whom are married, and not to each other,) who shall lewdly and lasciviously abide and cohabit with each other." It must also be averred that one or both of the two persons are married, and not to each other, in order to be guilty, under the second specification, as pointed out in the above section of the act. But there is a third clause of this section, in which it is provided against those persons, married or unmarried, who shall be guilty of open, gross lewdness or lascivious behavior. Had the indictment, in this case, included only the two offences, as charged above, that is, " the open and notorious adultery," and the " lewdly and lasciviously abiding and cohabiting with each other," in the manner as is therein set forth, it would have been bad ; for neither one of these offences is properly charged. The indictment, however, contains a third charge, and it is stated correctly under the statute. After setting forth the two charges, as noticed above, it proceeds thus : " And were then and there guilty of open, gross lewdness and lascivious behavior, by then and there pub-licly, lewdly and lasciviously abiding and cohabiting with each other." Here we find an offence sufficiently charged in the indictment, and sufficiently described under the statute. What act can be more grossly lewd or lascivious than for a man and woman, not married to each other, to be publicly living to-gether, and cohabiting with each other ?

The defendants are charged with being guilty of open, gross lewdness and lascivious behavior by publicly, lewdly and las-civiously cohabiting with each other. The offence charged is an act of open, gross lewdness and lascivious behavior. The manner in which the offence is perpetrated is by the defendants publicly, lewdly and lasciviously cohabiting together. There is nothing in the objection of the defendants to the indictment,

which would warrant the court below in quashing the same. The judgment is therefore reversed, and the case remanded for further proceedings ; the other judges concurring.