THE STATE, *Appellant*, v. OSBORNE *et al.*

Indictment, when sufficient.  An indictment, founded on 1 Wag.
Stat., ? 8, p. 500, charged that defendants, at a certain time and place,
were guilty of open, gross lewdness and lascivious behavior, and
were then and there guilty of open and notorious acts of public in-
decency, grossly scandalous, by then and there publicly, lewdly and
lasciviously abiding and cohabiting with each other; *Held*, to be
sufficient, (following *The State v. Bess*, 20 Mo. 419).

*Appeal from St. Clair Circuit Court.*—HON. J. D. PARKINSON,
Judge.

The defendants filed a motion to quash the indictment
for the reason that it failed to aver the act in which the
lewdness and lascivious behavior consisted, or the nature
or character of the same, or the time, manner or place of
commission of the open and notorious acts of indecency,
and because there were two separate and distinct offenses
charged in the same count in the indictment.

*J. L. Smith*, Attorney-General, for the State.

*Nesbit & Ferguson* for respondent.

HENRY, J.—At the September term, 1875, of the St.
Clair circuit court, the grand jury found the following in-
dictment against the defendants: The grand jurors for

the State of Missouri, summoned from the body of St. Clair county, empaneled, charged and sworn, upon their oaths, present that John L. Osborne and Ellen Redfield, late of the county aforesaid, on or about the 15th day of August, 1875, at the town of Osceola, in the county of St. Clair, State aforesaid, did, and on divers other days between that day and the time of the finding of this bill of indictment, with force and arms at the town of Osceola, county of St. Clair, and State of Missouri, were then and there guilty of open, gross lewdness and lascivious behavior, and were then and there guilty of open and notorious acts of public indecency, grossly scandalous, by then and there publicly, lewdly and lasciviously abiding and cohabiting with each other, contrary to the form of the statutes in such cases made and provided, against the peace and dignity of the State.

A motion to quash the indictment was sustained by the court and the State appealed. *Dameron v. The State*, 8 Mo. 494, and *The State v. Bess*, 20 Mo. 419, are decisive of the question involved in this case. The indictment was drawn in accordance with the suggestion in *Dameron v. The State*, and the direct decision in *The State v. Bess*. The judgment is reversed and the cause remanded. The other judges concur.

REVERSED.