The State v. West.

THE STATE v. WEST *et al., Appellants.*

1. **Criminal Law**: ILLICIT COHABITATION : STATUTE.  It need not be shown that the acts of the defendants were open and notorious in a prosecution under that part of Revised Statutes, section 1541, which provides that "every man and woman, one or both of whom are married, and not to each other, who shall lewdly and lasciviously abide and cohabit with each other, shall, upon conviction, be adjudged guilty of a misdemeanor."

2. ———— : ———— : ————.  It is sufficient for the state in such case, to prove that the defendants lived together as man and wife and indulged in sexual intercourse habitually and in conformity to a regular custom on their part.

3. **Criminal Law** : ARRAIGNMENT.  The judgment reversed and cause remanded, because the record failed to show an arraignment of defendants, either in the justice's court where the prosecution was begun, or in the criminal court to which the case was appealed.

*Appeal from Jackson Criminal Court.* —HON. HENRY P. WHITE, Judge.

REVERSED.

*W. J. Strong* for appellants.

(1) The provisions of the statute (R. S., sec. 1541), under which defendants were convicted was not directed against secret acts of illicit intercourse, no matter how much they may be in violation of good morals. The question has not been directly passed upon in this state, but has been indirectly. *State v. Hinson*, 7 Mo. 244; *State v. Dameron*, 8 Mo. 494; *State v. Byron*, 20 Mo. 210; *State v. Crowner*, 56 Mo. 147. In Iowa, under a similar statute to ours, the question has been decided favorably to appellant. *State v. Marvin*, 12 Iowa 499; *Vide*, also, *Seerls v. The People*, 13 Ill. 597; 101 Mass. 111; 15 Ind. 383; 46 Cal. 53; 37 Tex. 346.

*D. H. McIntyre*, Attorney General, for the state.

BLACK, J.—The defendants were charged in the first count of the information, with living in a state of open and notorious adultery, and of this charge they were acquitted, so that the instructions with respect to this need not be considered. The second count of the information was based upon that part of section 1541, Revised Statutes, 1879, which provides that "every man and woman, one or both of whom are married, and not to each other, who shall lewdly and lasciviously abide and cohibit with each other," on conviction shall be adjudged guilty of a misdemeanor. The instruction given on behalf of the state did not include any elements of open conduct. The instruction given by the court, of its own motion, told the jury that in order to convict upon the second count it was not necessary that the acts of illicit sexual intercourse between the parties should be open and notorious, still they must find that the defendants lived together as man and wife, and indulged in sexual intercourse habitually, or in conformity to a regular custom, and unless they did so find they should acquit.

The court refused to instruct that the acts must be open and notorious to constitute the offence charged in the second count. It is plain from the reading of the statute, that the two offences with which the defendants were charged, are of different classes. In the first, [the acts must be open and notorious, but this is not so with respect to the second class. The instructions given, properly declare the law.

It does not appear from the record that the defendants were arraigned, either before the justice or in the criminal court, and in this, it is conceded on behalf of the state, there is error, because of which the judgment is reversed and the cause remanded. All concur.