STATE OF MISSOURI, Respondent, v. BARNETT COFFEE, Appellant.

St. Louis Court of Appeals, January 21, 1890.

1. **Criminal Law:** ADULTERY, ETC. Lewd and lascivious cohabitation on the part of persons, both of whom are unmarried, is criminal, when open and gross, but such cohabitation between persons, one or both of whom are married, but not to each other, is criminal, whether open and notorious or not.

2. ———: ———: EVIDENCE OF MARRIAGE. When, in case of an indictment for lewd and lascivious cohabitation, it is essential to establish that the defendant was a married person, there must be direct evidence of his marriage; mere matter of repute, or testimony derived therefrom, will not suffice as evidence of a marriage.

*Appeal from the Howell Circuit Court.*—HON. J. R. WOODSIDE, Judge.

REVERSED (*and defendant discharged*).

ROMBAUER, P. J., delivered the opinion of the court.

This is a prosecution upon an indictment under section 1541 of the Revised Statutes of 1879, relating to

lascivious cohabitation. The indictment charges that the defendant and one Julia A. McGee did unlawfully, lewdly and lasciviously abide and cohabit with each other, and then and there have sexual intercourse together, he, the said Barnett Coffee, being then and there a married man and having a wife living, and she the said Julia A. McGee then and there being a single and unmarried woman. The defendant was convicted and sentenced, and appeals.

No briefs have been filed by either the state or the defendant, but an examination of the record discloses that the defendant, in his motion for new trial, complains of the refusal of his instructions, and of instructions given on behalf of the state, and claims that the verdict is against the evidence.

There was evidence of a lascivious cohabitation, but no evidence that it was open and notorious. There was also evidence that the defendant was married to another woman, but such evidence consisted of the statement of witnesses who spoke of such other woman as defendant's wife, and not of the production of the marriage certificate, or the testimony of witnesses to the marriage, or the defendant's admission. The instructions which the defendant asked, and which the court refused, asserted the proposition that, to warrant a conviction, the lascivious cohabitation must be either open and notorious, or the defendant's marriage must be proved by the marriage certificate or witnesses who were present at the marriage, or by the defendant's admissions. The instructions, which the court gave on behalf of the state, warranted a conviction, if the jury found that the defendant did lewdly and lasciviously cohabit with the McGee woman, regardless of the fact whether the defendant was married or not.

The section of the statute under which this indictment was prosecuted provides for three classes of offenses: *First*, open and notorious adultery. *Second*,

lewd and lascivious cohabitation between persons, one or both of whom are married and not to each other. *Third*, open, gross lewdness, and lascivious behavior between persons married or unmarried. *State v. Bess*, 20 Mo. 420; *State v. West*, 84 Mo. 440; *State v. Clawson*, 30 Mo. App. 142. The indictment charged the second of these offenses, and while it was not necessary to show that the lascivious cohabitation was open and notorious (*State v. West, supra*), it was essential to show that the defendant was married to another woman, and that fact could not be established by reputation alone. Proof of that fact in criminal proceedings, in the absence of any statute to the contrary, must be by direct evidence establishing the fact. 2 Greenleaf on Evidence [14 Ed.] section 461. In the case at bar there was no such evidence, and the court did not even submit the question of marriage to the jury, but authorized them to find the defendant guilty on proof of lascivious cohabitation, regardless of its notoriety and regardless of the fact whether either of the parties cohabiting were married. This was error. As the evidence adduced was insufficient to warrant a conviction upon the indictment preferred, the judgment will be reversed and the defendant discharged. So ordered. All the judges concur.