THE STATE OF MISSOURI, Appellant, v. REUBEN HOPSON, Respondent.

Kansas City Court of Appeals, November 7, 1898.

Information: LEWD AND LASCIVIOUS CONDUCT. An information charging defendant with lewd and lascivious conduct by openly, lewdly and lasciviously abiding and cohabiting with one H. to whom he is not married, he being unmarried, follows the statute and is sufficient.

*Appeal from the Adair Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED AND REMANDED.

JOHN STORM for appellant.

The charge of "openly, lewdly and lasciviously abiding and cohabiting," is stating an offense, and is a good charge. It will sustain an indictment. State v. Coffee, 39 Mo. App. 56; State v. Osborne, 69 Mo. 143. This last case is directly in point and should be decisive of the question. Also see R. S. 1889, sec. 3798; State v. Bess, 20 Mo. 419; R. S. 1889, sec. 3798; State v. Walker, 24 Mo. App. 679.

A. D. RISDON for respondent. No brief.

SMITH, P. J.—The information charged that the defendant "did then and there unlawfully commit and was guilty of open, gross lewdness and lascivious behavior by then and there openly, lewdly and lasciviously abiding and cohabiting with one Hattie Rice, she the said Hattie Rice then and there not being the wife of the said Reuben Hopson, and he the said Reuben Hopson being then and there an unmarried man." On demurrer this information was adjudged insufficient. The state has appealed.

The statute, section 3798, Revised Statutes, provides that every person, married or unmarried, who shall be guilty of open, gross lewdness, or lascivious behavior, shall be adjudged guilty of a misdemeanor. The charge contained in the information follows the exact language of the statute and is sufficient. The manner in which the offense was committed was by the

defendant's openly, lewdly and lasciviously cohabiting with the said Hattie Rice.   This specification was sufficient; for what act could be more grossly lewd and lascivious than for a man and woman not married to each other to be openly living together and cohabiting with each other?   State v. Coffee, 39 Mo. App. 56; State v. Bess, 20 Mo. 420;  State v. Dameron, 8 Mo. 494;  State v. Osborne, 69 Mo. 143.

Accordingly it results that the judgment must be reversed and cause remanded.   All concur.