[No. 8513. Department Two. February 25, 1910.]

THE STATE OF WASHINGTON, *Respondent*, v. M. W. POYNER,
*Appellant*.[1]

LEWDNESS — EVIDENCE — REPUTATION OF PARAMOUR—WITNESSES—
FORM OF QUESTION. In a prosecution for lewdness, a question as to
the "reputation" for chastity of the defendant's paramour, means
when unqualified, *ex vi termini*, "general reputation," and is not
objectionable in form.

SAME—ADMISSIBILITY. In a prosecution for lewdness, the general
reputation of the defendant's paramour is relevant and material.

APPEAL—REVIEW—EVIDENCE—HARMLESS ERROR. Error in over-
ruling objections to improper questions calling for the witness' sus-
picions and beliefs is not prejudicial when the answers elicited
merely related to competent and relevant facts and circumstances.

LEWDNESS—OFFENSE—NOTORIETY—STATUTES—CONSTRUCTION. Un-
der the statutory offense of lewdness, Rem. & Bal. Code, § 2901, for
a man and woman, not being married to each other, to lewdly and
viciously associate and cohabit together, it is not necessary that the
acts be open and notorious or that the parties should hold them-
selves out as husband and wife.

CRIMINAL LAW—REVIEW—RECORD—QUESTIONS PRESENTED—MISCON-
DUCT OF COUNSEL. An objection to a certain statement of counsel to
the jury will not be considered on appeal where the record fails to
show any such statement as claimed in the objection.

CRIMINAL LAW—FORMER JEOPARDY—APPEAL FROM JUSTICE—SUBSE-
QUENT INFORMATION. Upon appeal after a trial on a complaint before
a justice of the peace, the filing of an information in the superior
court does not work a dismissal of the complaint or constitute a bar
to the prosecution.

APPEAL—REVIEW—TRIAL—INSTRUCTIONS. It is not prejudicial to
preface an instruction to the jury by the statement that it was given
at the request of the appellant.

Appeal from a judgment of the superior court for Kittitas
county, Kauffman, J., entered August 4, 1909, upon a trial
and conviction of the crime of unlawful cohabitation. Af-
firmed.

[1]Reported in 107 Pac. 181.

*Pruyn, Streff & Hoeffler,* for appellant.

*E. K. Brown,* for respondent.

RUDKIN, C. J.—The defendant was convicted of the crime of lewdly and viciously associating and cohabiting with a woman not his wife, and prosecutes this appeal from the final judgment of the court. The first error assigned is based on the admission of testimony tending to show the reputation for chastity of the woman with whom the appellant is alleged to have associated and cohabited, in the community in which she resided. The form of the question was: "Do you know the reputation for chastity, in Cle Elum, of Minnie Black?" The objection to this question is two-fold; first, because the inquiry was not limited to her general reputation; and second, because evidence as to her reputation was irrelevant and incompetent. *State v. Clark,* 9 Ore. 466, is cited in support of the objection to the form of the question. The decision in that case sustains the contention of the appellant, but the case itself was controlled by the doctrine of *stare decisis* by reason of an earlier decision in the same court. In the course of his opinion, Lord, C. J., said:

"Mr. Greenleaf says that the impeaching witness 'must be able to state what is generally said of the person by those among whom he dwells, or with whom he is chiefly conversant, for it is this that constitutes his general reputation or character.' (1 Greenleaf's Evidence, 577.)

"According to this statement of the text, it is the opinion generally entertained of a person in the neighborhood in which he resides that constitutes his general reputation or character. Now, the objection here is to the form of the question, in that it does not ask for the *general* reputation for chastity. If the question as put would elicit an answer for less than general reputation, it is bad beyond doubt.

"But may it not be argued, that when the question is asked the witness: 'If he knew what her reputation for chastity was in the neighborhood where she resided?' that reputation is here used, not in a limited but in an unqualified sense, and means *general* reputation, and that the question would be commonly so understood. When it is said of a person that

he has a good or bad reputation, it is only meant to convey
the opinion generally entertained of such person.

"Reputation being then what is generally said of a person
in his community, does not the question as above suggested,
inquire and call for an answer which will reflect what is gen-
erally said of such person, and is this not the general repu-
tation? It is true this argument admits that the inquiry
must be directed to her general reputation for chastity, but
it claims that the form of the inquiry is immaterial, provided
by its terms it calls for the general reputation, and is not
objectionable in other respects.

" 'Any question,' says Judge Thurman, 'not leading, that
asks for the general reputation of the witness for truth is
sufficient; and if the word reputation, when unqualified, does
*ex vi termini*, or in common parlance, mean general reputa-
tion, as we think it does, it is unnecessary to prefix the word
*general*.' (*French v. Millard*, 2 Ohio St. 50)."

The reasons assigned by the Oregon and Ohio courts are
controlling here. The woman's reputation in Cle Elum con-
sisted of what was generally said of her by those among whom
she lived, and in the language of Judge Thurman, the term
reputation, when unqualified, *ex vi termini* and in common
parlance, means general reputation.

The second ground of the objection is also untenable. In
prosecutions for adultery and kindred offenses the general
reputation for chastity of the woman with whom the defend-
ant is alleged to have consorted is relevant and material.
*Blackman v. State*, 36 Ala. 295; *Commonwealth v. Gray*, 129
Mass. 474, 37 Am. Rep. 378; *State v. Berry*, 24 Mo. App.
466; Bishop, Statutory Crimes, § 679.

The next assignment is based on the ruling of the court
permitting one of the witnesses for the state to answer the
following questions: "Have you any suspicions?" "If so,
relate them to the jury." "Tell the jury how you believed
that." "What the circumstances were." "State the circum-
stances." Some of these interrogatories are highly objec-
tionable, but when we turn to the answers to the questions we
find them both relevant and competent. The witness did not

undertake to give his suspicions or beliefs, but merely related facts and circumstances within his knowledge. Indeed, the objection is confined to the questions themselves and does not extend to the testimony elicited. The ruling of the court was therefore not prejudicial.

Insufficiency of the evidence to sustain the verdict and judgment is the next error assigned. So far as material to the present inquiry, Rem. & Bal. Code, § 2901 defines the crime charged against the appellant as follows:

"If any man or woman, not being married to each other, lewdly and viciously associate and cohabit together, . . . every such person shall be punished by imprisonment," etc.

This statute is much broader than the common law offense of lewdness, and, while there must be a living together as if the conjugal relation existed, and the illicit intercourse must be habitual not merely occasional, it is not necessary that the acts should be open and notorious, or that the parties should hold themselves out to the public as husband and wife. *State v. West,* 84 Mo. 440; *State v. Coffee,* 39 Mo. App. 56; *Commonwealth v. Lambert,* 12 Allen 177; 29 Cyc. 210. "The statute includes illegal sexual intercourse, and the irregular indulgences of lust whether public or private." *Commonwealth v. Lambert, supra.* The testimony was largely circumstantial, as is usual in such cases, and no good will result from a review of it here. Suffice it to say, the jury was fully warranted in finding that the parties named in the information associated and cohabited together for a period of about six months, and that such association and cohabitation was lewd and vicious.

Error is assigned on a statement made by the prosecuting attorney in his argument to the jury, but the only reference to such statement in the record is found in the following objection, interposed by counsel for appellant, at the close of the testimony: "I wish to object to the statement by the prosecutor that the very fact that this case must go to the jury is a guarantee of the legal sufficiency of the evidence

to convict this man." The record does not show that any such statement was made by the prosecutor, or that the court's attention was otherwise directed to it if made. There is, therefore, no ruling of the court before us for review.

The appellant was first tried on a complaint before a justice of the peace, and upon his appeal to the superior court after conviction, an information was filed in lieu of the complaint. Upon this state of facts the appellant contends that the filing of the information worked a dismissal of the complaint and constituted a bar to further prosecution. This contention is without merit. *State v. Bringgold*, 40 Wash. 12, 82 Pac. 132.

The court prefaced one of its instructions to the jury with the remark: "As requested by the defendant, I instruct you," etc., and this is assigned as error. The charge of the court was the law of the case for the guidance of the jury, and whether the instructions were requested by the state or the accused, or given by the court of its own motion, would seem utterly immaterial. An instruction given at the instance of the accused is as much the law of the case and is as binding on the jury as any other instruction, and, in the nature of things, a reference to the party by whom the instruction was requested could be neither harmful nor prejudicial.

This disposes of all questions presented, and finding no error in the record, the judgment is affirmed.

PARKER, MOUNT, CROW, and DUNBAR, JJ., concur.