## STATE OF MISSOURI, Respondent, v. HOBERT PEDIGO, Appellant.

### Springfield Court of Appeals, May 19, 1915.

1. **CRIMINAL LAW: Lewdness and Lascivious Behavior: Informations.** An information under Sec. 4729, R. S. 1909, charging the accused in one count with open gross lewdness and lascivious behavior by the commission of certain acts should not be quashed on the ground that it charges two separate and distinct offenses and is vague and indefinite.

2. ———: ———: **What Constitutes.** An act to be lewd and lascivious must be shameless and defiant rather than secretive, but a single act of lewdness or lascivious behavior committed in the presence of another or in a public place constitutes an offense under the statute.

3. ———: ———: ———. The act of lewdness is open and gross within the meaning of such statute if committed in such close proximity to other persons that they know of same by use of their ordinary senses, though by reason of darkness the act is not actually seen by such bystanders.

4. ———: ———: **Open and Gross.** Merely because an act of lewdness is not offensive to the persons present and witnessing it does not prevent same from being open and gross within the meaning of Sec. 4729, R. S. 1909.

5. **INSTRUCTIONS: Criminal Law: Useless Instructions.** No error was committed in refusing a charge defining the words "open and gross," in a prosecution for open, gross lewdness, when, under instructions already given, the jury could not have misunderstood the meaning of the words.

Appeal from Lawrence County Circuit Court.—*Hon. Carr McNatt,* Judge.

AFFIRMED

*I. V. McPherson* and *Charles L. Henson* for appellant.

*John R. Miller* and *William B. Skinner* for respondent.

STURGIS, J.—The defendant was convicted and fined one hundred dollars in the Lawrence county circuit court on an information charging him with being guilty of ''open, gross lewdness and lascivious behavior, by then and there unlawfully, willfully and publicly, and lewdly and lasciviously, in the sight and presence of others have sexual intercourse with a female, Mattie Doss.'' The defendant before his trial challenged this information by motion to quash same on the ground that such information charges in one count several separate and distinct offenses, is vague and indefinite and does not inform defendant of the nature and cause of the accusation against him. The overruling of this motion is the first error assigned in this court.

The information is bottomed on section 4729, Revised Statutes 1909, which has been on our statute books since an early date. The information follows the form found in Kelley's Criminal Law & Practice (3 Ed.), p. 843. The principal objection to the information is that it charges two distinct offenses: (1) open, gross lewdness, and (2) lascivious behavior. In State v. Chandler, 132 Mo. 155, 160, 33 S. W. 797, Judge SHERWOOD said that this section of the statute embraces five offenses and, in his enumeration of the same, open, gross lewdness is the third and lascivious behavior the fourth offense. This same judge had previously made the same subdivision of the offenses under this section in State v. Sekrit, 130 Mo. 401, 405, 32 S. W. 977. In State v. Nicholas, 124 Mo. App. 330, 101 S. W. 618, the court held that an information drawn under this section of the statute which charged more than one offense in the same count is bad and should be quashed on motion. The court there enumerates the five offenses embraced by this section, as given by SHERWOOD, J., in the cases just mentioned, and says the information then before the court charged three offenses: ''first, with living 'in a state of open and notorious

adultery;' second, of 'lewdly and lasciviously' abiding and cohabiting with each other; and, third, 'of open, gross lewdness and lascivious behavior.'" It will be noticed that in this case what is denominated the third offense is "open, gross lewdness and lascivious behavior," thus denominating as one offense what is now claimed to be two distinct offenses. In State v. Coffee, 39 Mo. App. 56, it is said that the statute provides for three classes of offenses and designates the third as "open, gross lewdness, and lascivious behavior between persons married or unmarried."

It may be that for some purposes this statute may embrace five distinct offenses and there may be some distinction between open, gross lewdness and lascivious behavior, but the question for our determination is a narrow one and is whether this information is good as against the motion to quash on the ground of charging more than one distinct offense in a single count of the information. In State v. Bess, 20 Mo. 420, this exact question was before the court on a motion to quash an indictment in one count, there set out, and which charges, among other things, that defendants "were then and there guilty of open, gross lewdness and lascivious behavior, by then and there publicly, lewdly and lasciviously abiding and cohabiting with each other." The court held that, although the attempted charges of living in open and notorious adultery and of lascivious cohabitation were not sufficient in that indictment to charge those offenses, yet, there was one good charge in the language above quoted, saying: "Here we find an offense sufficiently charged in the indictment and sufficiently described under the statute." In State v. Osborne, 69 Mo. 143, an indictment charging that defendants "were then and there guilty of open, gross lewdness and lascivious behavior, and were then and there guilty of open and notorious acts of public indecency, grossly scandalous, by then and there publicly, lewdly and lasciviously abiding and cohabiting with

each other'' was held good against a motion to quash on the same grounds here presented. The same ruling was made in the case of State v. Hopson, 76 Mo. App. 482. These cases also answer the criticism that the information is vague and indefinite and hold that the charge is sufficiently specific. These cases have not been overruled and are binding on us. On principle it is apparent that the same act or series of acts may and generally do at once constitute open, gross lewdness and lascivious behavior. Lascivious and lewd are synonymous. [State v. Lawrence, 19 Neb. 307, 27 N. W. 126, 129.] We hold that the information is good as against this motion to quash.

Defendant's assignments of error that the court should have sustained his demurrer to the evidence and erred in submitting the case to the jury on the instructions given will be considered together. The first instruction given substantially follows the language of the information and authorizes a verdict of guilty on a finding that defendant did unlawfully and wilfully commit open and gross lewdness and lascivious behavior by publicly, in the sight and presence of others, have sexual intercourse with the woman mentioned.

We agree that the statute denounces as a crime only those "acts which necessarily tend by their openness and notoriety, or by their publicity to debase and lower the standards of public morals.'' [State v. Chandler, 132 Mo. 155, 33 S. W. 797.] To constitute the offense charged there must be present the elements which make the act shameless, aggressive and defiant, rather than furtive and hiding away in shame. We can agree that "the statute denounces open lewdness and notorious acts of public indecency. Lewdness is to be deemed 'open' only when it is committed in the presence of another person, or in a place open to the public view." [Williams v. People, 67 Ill. App. 344.] The particular offense here charged does not, however, as in the case of "living in open and notorious adultery,''

or in "lewdly abiding and cohabiting with each other," necessarily imply a continuous or oft repeated act or acts. A single act of lewdness or lascivious behavior is sufficient to constitute the offense here charged, provided it be "open and gross," that is, committed in the presence of another person or in a public place, or, as said in State v. Sekrit, 130 Mo. 401, 406, 32 S. W. 977, "flaunts its lecherous colors in the light of day and the frowning face of public reprobation."

The facts disclosed by the evidence in this case are so shameful that we will not spread the same on the public records. The defendant argues that while there were several young men actually present with defendant and knew of his act of sexual intercourse at the time, yet, because they were companions in his guilt and all of them left the public highway and sought a secluded spot and the acts of sexual intercourse were committed at night, this constitutes such secrecy and hiding away from the public as exempts his act from being a crime. Defendant says that the demurrer to the evidence should have been sustained because "Mattie Doss and the five boys who had intercourse with her were all willing participators in what occurred after midnight on a dark night in a secluded place." The court gave this instruction which defendant claims is error: "The court further declares the law to be that if it finds and believes from the evidence that said defendant, at the time and place detailed in the testimony and set out in instruction number 1, did have intercourse with the witness Mattie Doss, and that said acts occurred in such close proximity of other persons, and that the defendant knew it was in such close proximity of such other persons, that they could see or hear and know of such intercourse and exposure of privates by the use of their ordinary senses of hearing and seeing, and that the defendant made no effort, and did not intend to conceal the fact of such intercourse from the knowledge of such other persons, then it would be war-

ranted in finding the defendant guilty as charged."
The defendant's theory is, and he requested the court
to so instruct, that he was not guilty of any offense un-
less his act of sexual intercourse "was actually seen"
by his companions, the bystanders. We agree with the
trial court's view of the law and hold that the act of
lewdness here mentioned is open and gross within the
meaning of the statute, if committed in the actual pres-
ence of, and such close proximity to, other persons
that they knew of the same being done by the use of
their ordinary senses of hearing and seeing, although,
by reason of darkness, the jury might not be able to
say that the acts of lewdness "were actually seen" by
such bystanders. In speaking of what constitutes the
offense of open, gross lewdness and lascivious behav-
ior, the court, in State v. Bess, supra, said: "What act
can be more grossly lewd or lascivious than for a man
and woman, not married to each other, to be publicly
living together, and cohabiting with each other?" Yet
what is meant by living and cohabiting together neces-
sarily implies and the jury must find that acts of sexual
intercourse take place, but no court would require the
jury to find that some person actually saw such acts
take place.

Nor do we agree that an act of lewdness or lasciv-
ious behavior, in order to be open and gross within
the meaning of the statute, must be offensive to one or
more of the persons present and witnessing the act. If
so, the grossest act of lewdness might be committed in
the presence of a large number of spectators, provided
the exhibition be held in a place secluded or walled in
from the general public and only such persons admitted
as were desirious of witnessing the same even to the
extent of seeking and paying for admission. We are
pleased to follow, in this respect, the ruling of the New
York court in 4 Hun, 636, as follows: "Where six
women made an indecent exposure of their persons for
hire, in the presence of five men, in a room in the rear

of the second story of a house of prostitution, the doors, windows and shutters being closed, *held,* that the room where it occurred was a 'public place,' and that the women were properly convicted of the crime of indecent exposure.''

The case of Commonwealth v. Catlin, 1 Mass. 7, relied on by defendant, is quite different in its facts, as the act of lewdness there proved was secret and intended to be wholly unknown and was only discoverable by the extraordinary efforts of the witness whose presence was unknown to the perpetrator. There is certainly nothing in State v. Juneau, 88 Wis. 180, 59 N. W. 580, 24 L. R. A. 857, contrary to our holding in this case, as it is there held that an act of lewdness is open and gross, within the meaning of a statute the same as ours, which, when committed, is unseen and unseeable except by a child too young to be offended by or to comprehend the wrongfulness of such act.

The defendant, without forming any specific instruction, requested the court to give of its own motion an instruction defining the terms ''open'' and ''gross,'' as used in the information and instructions given. While the court is required to give proper instructions of its own motion in a criminal case, we hold that the offense charge was so defined by the instructions given by the court that there was no need of, and hence no error in refusing to give, an instruction defining the words above mentioned. Under the instructions given the jury could not well have misunderstood the meaning of these words and there is nothing to indicate that it did so.

The result is that the judgment is affirmed.

*Robertson, P. J.,* and *Farrington, J.,* concur.