[No. 22395. Department Two. August 11, 1930.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLES E. COLWELL, *Appellant.*[1]

*E. L. Sheldon,* for appellant.

*Sidney W. Rogers,* for respondent.

FULLERTON, J.—The appellant, Colwell, was convicted in a justice court of Pend Oreille county of the

[1]Reported in 290 Pac. 878.

crime of unlawful sale of intoxicating liquor, and appealed from the judgment of conviction to the superior court of the county named. After the record in the cause had been transmitted to the superior court, the state applied to the court for leave to file "a new and amended complaint and information" against him. Leave was granted, and a formal information was filed charging the appellant with the same offense of which he was convicted in the justice's court. The appellant was arraigned on the information, and entered a plea of not guilty thereto and a plea of former conviction. A demurrer to the latter plea was interposed by the state and sustained by the court. The cause was then tried upon the plea of not guilty and resulted in a judgment of conviction.

In this court, the appellant first complains that the court erred in permitting the state to file in the appealed cause an information against him. But this is in accord with the established practice. *State v. Bringgold,* 40 Wash. 12, 82 Pac. 132; *State v. Poyner,* 57 Wash. 489, 107 Pac. 181; *State v. Hamshaw,* 61 Wash. 390, 112 Pac. 379; *State ex rel. Adams v. Grimes,* 80 Wash. 14, 141 Pac. 184; *State v. Bryant,* 90 Wash. 20, 155 Pac. 420; *Everett v. Cowles,* 97 Wash. 396, 166 Pac. 786; *State v. Nelson,* 146 Wash. 17, 261 Pac. 796.

The next contention is that the court erred in sustaining the demurrer to the plea of former conviction. The plea was founded on the fact that an information was filed in the superior court in lieu of the complaint on which the conviction was had in the justice's court; the argument being that the filing of the information worked a dismissal of the complaint and constituted a bar to a further prosecution. But this contention we met and determined contrary to the contention in the case of *State v. Poyner, supra,* concerning which we said:

"The appellant was first tried on a complaint before a justice of the peace, and upon his appeal to the superior court after conviction, an information was filed in lieu of the complaint. Upon this state of facts the appellant contends that the filing of the information worked a dismissal of the complaint and constituted a bar to further prosecution. This contention is without merit. *State v. Bringgold,* 40 Wash. 12, 82 Pac. 132."

The third contention is that the court erred in refusing to sustain the appellant's motion for a directed verdict. The intoxicating liquor the appellant was convicted of selling was home-brewed beer, and it is argued that there is no evidence sufficient to show that it contained intoxicating properties, or that it was capable of being used as a beverage. But the sheriff of the county, who took the liquor from the persons to whom it was sold, testified that it was used for drinking purposes and was intoxicating in character. Furthermore, two of the ten bottles seized were introduced in evidence and submitted to the inspection and examination of the jury. This manifestly was sufficient to carry the questions to the jury.

There was a motion for a directed verdict and a motion for a new trial, but as these were founded on the claims of error already noticed, they require no separate examination.

The judgment is affirmed.

MITCHELL, C. J., MAIN, FRENCH, and HOLCOMB, JJ., concur.