**In re Mary Margaret SHACKELFORD, Bankrupt.**

**Mary Margaret SHACKELFORD, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 78–01587–B–W–2.**

United States Bankruptcy Court, W. D. Missouri.

Feb. 19, 1980.

K. Colleen Nunnelly, Legal Aid of Western Missouri, Kansas City, Mo., for plaintiff.

Barry Lieberman, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER

FRANK P. BARKER, Jr., Bankruptcy Judge.

This is an action brought by the bankrupt for a determination that a $154.00 tax deficiency for the year 1976 is dischargeable. While the amount is small, the facts present a novel case of first impression.

Plaintiff, her three minor children, and one Francis H. Simons, lived in her home in Kansas City, Missouri during the entire year 1976. Both were single persons. He was not employed, and received no income in 1976. Their arrangement was that she turned over her paycheck to him for the payment of bills, groceries, etc. They did not represent themselves to anyone as married persons and as far as the record indicates, their bedside activities were completely private.

The question presented is whether Mrs. Shackelford under these facts, can claim Mr. Simons as a dependent and thus take advantage of the $750.00 deduction which she did on her 1976 tax return. If not, the deficiency of $154.00 is not dischargeable.

One must be conversant with the federal tax and state criminal statutes of Missouri to get a firm grasp on the problem involved. The only question presented is whether the bankrupt is entitled to deduct from her gross income for the year 1976 an exemption of $750.00 for her claimed dependent, Francis Howard Simons.

Internal Revenue Code of 1954 (26 U.S. C.):

SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS.

(a) *Allowance of Deductions.*—In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income.

\* \* \* \* \* \*

(e) [as amended by Sec. 201(b)(1), Revenue Act of 1971, P.L. 92–178, 85 Stat. 497] *Additional Exemption for Dependents.*—

(1) *In general.*—An exemption of $750 for each dependent (as defined in section 152)—

(A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $750, or

(B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student.

\* \* \* \* \* \*

SEC. 152. DEPENDENT DEFINED.

(a) [as amended by Sec. 4(a), Technical Amendments Act of 1958, P.L. 85–866, 72 Stat. 1606 and Sec. 1(b), Act of August 31, 1967, P.L. 90–78, 81 Stat. 191] *General Definition.*—For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer):

\* \* \* \* \* \*

(9) An individual (other than an individual who at any time during the taxable year was the spouse, determined without regard to Section 153, of the taxpayer) who for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household, or

\* \* \* \* \* \*

(b) *Rules relating to general definition.* —For purposes of this section—

\* \* \* \* \* \*

(5) [as added by Sec. 4(c), Technical Amendments Act of 1958, *supra* ] An individual is not a member of the taxpayer's household if at any time during the taxable year of the taxpayer the relationship between such individual

and the taxpayer is in violation of local law.

\*    \*    \*    \*    \*    \*

41 Vernon's Annotated Missouri Statutes: § 563.150 *Adultery and gross lewdness, a misdemeanor*

Every person who shall live in a state of open and notorious adultery, and every man and woman, one or both of whom are married, and not to each other, who shall lewdly and lasciviously abide and cohabit with each other, and every person, married or unmarried, who shall be guilty of open, gross lewdness or lascivious behavior, or of any open and notorious act of public indecency, grossly scandalous, shall, on conviction, be adjudged guilty of a misdemeanor.

The Court has studied the extensive briefs filed by both counsel and the cases cited therein. Counsel apparently agreed that the exemption can be allowed unless the relationship between Mr. Simons and the bankrupt was in violation of local law.

Let us begin with Rule 1—in most any fight between a taxpayer and Internal Revenue Service contesting the validity of an income tax assessment, the burden of proof is on the taxpayer since IRS is presumptively correct and a prima facie case is established. *Paschal v. Blieden*, 127 F.2d 398 (8th Cir. 1942). *Willcuts v. Minnesota Tribune Co.*, 103 F.2d 947 (8th Cir. 1939). Accordingly, if plaintiff cannot meet her burden of proof, judgment for defendant must be entered.

Because counsel stipulated to the facts, the Court has been deprived of the benefit of observing the appearance and testimony of plaintiff. Hence, I am unable to judge the extent of her relationship with Mr. Simons. Was her relationship with Mr. Simons intended to be of lasting duration? Was there "love and compatibility" involved, or was it mere economic survival in the interest of both parties? Does it make any difference in view of the controlling statutes?

Counsel for IRS argues that § 152(a)(9) is not intended to provide a dependency ex- emption deduction in the present situation. His first argument appears to be that inasmuch as the bankrupt's relationship with Simons never rose to the height of a common-law marriage (which under Missouri Law is verboten), it follows that such inferior relationship does not qualify for the dependency deduction.

I do not agree with this logic. It is not for this Court to say that two unmarried persons living together is a step ahead or behind two unmarrieds holding themselves out as husband and wife in a common-law situation. Cases cited by defendant involving a common-law dependency question are therefore, not in point.

I find no Missouri statute indicating there is anything unlawful about an unmarried man and woman living together under the facts of this case. It is not within the jurisdiction of this Court to establish a code of morals for taxpayers. That jurisdiction is vested in the legislative branch of the state.

The closest the Missouri legislature has come to outlawing the relationship between unmarrieds living together is found at the end of § 563.150 R.S.Mo. ". . . and every person, married or unmarried, who shall be guilty of open, gross lewdness or lascivious behavior, or of any open and notorious act of public indecency, grossly scandalous, shall, on conviction, be adjudged guilty of a misdemeanor."

If one goes far enough back in case law, perhaps such conduct could be said to be in violation of the state law, *State v. Stout*, Mo.App., 198 S.W.2d 364, but in this day and age, can it be said that merely living together is open, gross lewdness or lascivious behavior? Does this conduct openly outrage decency? Is it injurious to public morals? Would the language in *State v. Bess*, 20 Mo. 420 (1855) "What act can be more grossly lewd or lascivious than for a man and woman, not married to each other, to be publicly living together and cohabiting with each other", still be applicable today? I think not.

Defendant places a great deal of weight on a 1961 opinion of the Missouri Attorney General relating to § 563.150 R.S.Mo. (Op. Attorney General, No. 68, September 13, 1961). I think this reliance is misplaced. First, because the cases therein do not support his conclusion: Second, because later Missouri cases limit the statute to public conduct: Third, because "opinions issued by the Attorney General . . . are entitled to no more weight than that given the opinion of any other competent attorney." *Gershman Investment Corporation v. Danforth*, 517 S.W.2d 33 (Mo. banc. 1974)

Next, counsel for IRS argues that the legislative history behind the tax statute "clearly indicate that Congress never intended that a dependency exemption be granted in a situation such as is presented here." His conclusion is not warranted. One case dealt with foster children, the other with a common-law marriage.

From this, counsel argues that if a "common-law wife" cannot qualify as a dependent, then it follows that the dependency exemption deduction is not available to a taxpayer who is merely living in a "sexual relationship with another individual with absolutely no family or quasi-family ties."

■ What counsel overlooks is that while common-law marriages are not recognized in Missouri, there is nothing illegal about couples merely living together in a sexual relationship in Missouri so long as § 563.150 is not violated. While this Court fully concurs with counsel's conclusion that "in this case we believe the dependency exemption deduction statutes themselves and the legislative history behind these statutes clearly establish a congressional intent to limit the definition of a 'dependent' to someone with family ties to a taxpayer," I find that the taxpayer has met her burden of proof. Mr. Simons was unquestionably a member of the taxpayer's household for the year 1976 and the relationship between such individual and the taxpayer was not in violation of the law.

■ While not necessary to my conclusion, I also find the statute discriminatory.

Many states recognize common-law marriages, while others, including Missouri, do not. In the former case, a taxpayer could lawfully claim the deduction, in the latter, he or she could not. I would also assume that in some states, unmarrieds living together are guilty of some felony or misdemeanor, thus losing the advantage of the dependency exemption deduction. Inasmuch as this point was not raised by plaintiff, no finding on this subject will be made.

I find and conclude that plaintiff was entitled to claim the dependency exemption deduction for Francis H. Simons for the taxable year 1976. The deficiency tax assessment of $154.00 is discharged.

The Court takes this opportunity to express its appreciation to Ms. K. Colleen Nunnelly, an attorney with the Legal Aid of Western Missouri, counsel for plaintiff, and Barry Lieberman, Esq. of the Tax Division with the Department of Justice, for their exhaustive research and briefs in this case.